# United States Court of Appeals
## For the First Circuit

No. 09-1394

VLADAS ZAJANCKAUSKAS,

Petitioner,

v.

ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Robert L. Sheketoff, Thomas Butters, and Butters Brazilian LLP on brief for petitioner.
William Henry Kenety V, Edgar Chen, Senior Trial Attorneys, United States Department of Justice, Lanny A. Breuer, Assistant Attorney General, Criminal Division, Eli M. Rosenbaum, Director, and Susan L. Siegal, Senior Litigation Counsel, on brief for respondent.

July 13, 2010

**TORRUELLA, Circuit Judge.** Petitioner Vladas Zajanckauskas is a ninety-five year old Lithuanian native who has been in the United States since 1950. He appeals an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision to order his deportation from the United States. Because we find we are without jurisdiction to review either the IJ's or the BIA's (collectively "the Agency") decision, we dismiss the petition.

## I.

Petitioner's citizenship was revoked in 2005 because the district court found that he had been deployed to Warsaw with a detachment of Trawniki-trained guards who participated in the Nazi liquidation of the Jewish ghetto there and that he lied about his wartime whereabouts by concealing this fact in his application for an entry visa. United States v. Zajanckauskas, 353 F. Supp. 2d 196 (D. Mass. 2005); see also United States v. Zajanckauskas, 441 F.3d 32 (1st Cir. 2006) (affirming). On June 20, 2006, the government served Petitioner with a Notice to Appear ("NTA") charging him removable (1) under § 237(a)(4)(D) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(4)(D), as an alien who assisted in Nazi-sponsored persecution (Count I);[1] (2) under INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), because he was inadmissible at the time of entry under the Displaced Persons Act

---

[1] Count I was later withdrawn by the government.

-2-

of 1948 ("DPA"), 62 Stat. 1009 § 10, as an alien who willfully made misrepresentations of material fact for the purpose of gaining admission as a displaced person (Count II); and (3) under INA § 237(a)(l)(A), 8 U.S.C. § 1227(a)(1)(A), because he was inadmissible at the time of entry under the Immigration Act of 1924, 43 Stat. 153 § 13(a), as an alien not in possession of a valid visa as a result of his misrepresentations (Count III). The IJ applied collateral estoppel to the factual and legal conclusions made by the district court that revoked Petitioner's citizenship, see Zajanckauskas, 353 F. Supp. 2d at 196-203, and ordered Petitioner removed to Lithuania based on Counts II and III in the NTA.

Petitioner does not dispute the findings of fraud. Rather, he seeks relief from removal in the form of a waiver under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H).[2] After a hearing,

---

[2] In relevant part:

> (H) Waiver authorized for certain misrepresentations
> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i) of this title, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in paragraph (4)(D)) who--
> (i)(I) is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under

the IJ issued a 41-page decision denying Petitioner's claims on three separate grounds. First, the IJ held that Petitioner was statutorily ineligible to receive the waiver because the government had presented evidence that Petitioner assisted in Nazi persecution by participating in the destruction of the Warsaw Ghetto and that Petitioner failed to rebut the government's evidence by a preponderance of the evidence. Second, the IJ held that Petitioner was not "otherwise admissible" at the time of his entry, as required by the statute. Finally, the IJ held that regardless of Petitioner's statutory eligibility for a waiver, after weighing all the factors, Petitioner's "misrepresentations to United States Government officials [for] approximately sixty years" did not merit the IJ's exercise of discretion in granting the waiver.

Petitioner appealed to the BIA, which agreed with the IJ on all points and affirmed. Petitioner timely appealed to this Court.

## II.

On appeal, Petitioner argues that the Agency erred in its conclusion that he was statutorily ineligible for a waiver

paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.

(emphasis added). Paragraph (4)(D) refers to aliens who "[p]articipated in Nazi persecution, genocide, or the commission of any act of torture or extrajudicial killing" as defined by 8 U.S.C. §§ 1182(a)(3)(E)(i), (ii), and (iii). Petitioner contests the IJ's holdings as to the underlined portions.

forgiving the two fraud-related grounds of removal under INA § 237(a)(1)(H) and also in its determination that even if Petitioner was not statutorily barred from relief, he did not merit a favorable exercise of the Agency's discretion. As a threshold matter, the government argues that we must dismiss Petitioner's appeal because our opinion would be no more than advisory in this case.[3] Specifically, the government contends that we lack jurisdiction to review the discretionary ground upon which the IJ rested his decision, and since a reversal of the two grounds we have jurisdiction to review would not change the outcome, review of the legal questions would be moot. We agree.

Petitioner urges us to review various legal issues surrounding the Agency's determination that he was ineligible for the waiver. However, 8 U.S.C. § 1252(a)(2)(B)(ii) establishes that we are without jurisdiction to review "any other decision of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." Cf. Onikoyi v. Gonzales, 454 F.3d 1, 3 (1st Cir. 2006) ("We do not have jurisdiction to review the discretionary denial of waiver[s] of inadmissibility under 8 U.S.C. § 1252(a)(2)(B)(i)"). The statute under which Petitioner seeks protection plainly falls within this rubric, as it states that "[t]he provisions . . .

---

[3] Petitioner failed to respond to this argument by the government.

-5-

relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission . . . may, in the discretion of the Attorney General, be waived for any alien . . . ." 8 U.S.C. § 1227(a)(1)(H); cf. Kucana v. Holder, 130 S. Ct. 827, 831 (2010) (holding that § 1252(a)(2)(B)(ii)'s jurisdictional bar applies "only to Attorney General determinations made discretionary by statute"). While "some discretionary determinations do present underlying, reviewable questions of law," Lumataw v. Holder, 582 F.3d 78, 85, 86 (1st Cir. 2009)(finding that "the question of whether the IJ and BIA applied the correct filing deadline in assessing the timeliness of [petitioner's] asylum application constitute[d] a 'question of law'"), this is not such a case.

Petitioner argues that the "the IJ denied discretionary relief here because of the firmly held conviction that [Petitioner] engaged in serious past acts." The IJ, however, did more than what Petitioner suggests. After considering the balance of favorable equities supporting relief for Petitioner -- including favorable factors such as his advanced age and medical conditions, his nearly sixty years in the United States, his large and very close family, and the fact that he has no criminal record in the United States -- the IJ found that Petitioner did not merit the Agency's exercise of discretion. The IJ found decisive that Petitioner (1) had failed to disclose his Trawniki service when he arrived to the United

States and instead falsified information in his Application for an Immigrant Visa; (2) further concealed his Trawniki service by indicating that his wife was born in Trakai, Poland, rather than Trawniki, in various immigration documents signed under oath; (3) stated under oath in his denaturalization proceedings that he "thinks" he would lie again to remain in the United States; and (4) offered what the IJ termed implausible, inconsistent, and "minimized" testimony with respect to his service with the German military, leading to adverse credibility findings made by the Massachusetts District Court and the IJ himself. All of these grounds are surely factual and within the IJ's discretion, and as such, we are powerless to review them. Lumataw, 582 F.3d at 85 ("[D]iscretionary or factual determinations continue to fall outside our jurisdiction") (internal quotation and other marks omitted).

Even if we agree with Petitioner as to the legal issues he raises on appeal, the result in his case -- removal from the United States -- is pre-ordained by the Agency's discretionary holding. Thus, we must dismiss his appeal. Ekasinta v. Gonzales, 415 F.3d 1188, 1191 (10th Cir. 2005) ("[I]f there are two alternative grounds for a decision and we lack jurisdiction to review one, it would be beyond our Article III judicial power to review the other. Absent authority to review the discretionary ground, any opinion of ours reviewing the nondiscretionary ground

could not affect the final order's validity and so would be advisory only.").  We dismiss the petition for lack of appellate jurisdiction.

        <u>          **Dismissed**</u>.