**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2849
_____

HE CHEN,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                          Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 077-281-659)
Immigration Judge: Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2010
Before: MCKEE, Chief Judge,  HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 27, 2010 )

_____

OPINION
_____

PER CURIAM

Petitioner He Chen seeks review of a final order of removal of the Board of

Immigration Appeals ("BIA") denying her motion to reopen her deportation proceedings.

We will deny the petition for review.

Chen, a native and citizen of China, entered the United States in November 1999. The following month, Chen was served with a Notice to Appear, charging her as removable under INA § 212(a)(7)(A)(i)(I) for not possessing or presenting the proper documentation for admission. On March 2, 2000, Chen appeared at her immigration hearing and indicated, through counsel, that she wanted to apply for asylum, withholding of removal, and protection from removal under the Convention Against Torture ("CAT"). During the hearing, Chen was served with written notice that her next hearing was to be held on May 17, 2000. On May 17th, after Chen failed to appear at her hearing, the Immigration Judge ("IJ") ordered her removal to China in absentia.

In March 2008, Chen filed with the IJ a motion to reopen her proceedings, seeking to reapply for asylum, withholding of removal, and protection under the CAT. However, because the motion to reopen was untimely, Chen sought to be relieved from the time restriction by alleging changed conditions in China since she was ordered removed in 2000. See 8 C.F.R. § 1003.23(b)(4)(i). Specifically, Chen claimed that because she now has five children who were born after she had been ordered removed, she is now in violation of China's one-child family planning policy. Additionally, because she recently converted to Christianity, she believes she would be subject to persecution based on her religious beliefs.

After reviewing Chen's motion to reopen, the IJ denied the motion. First, the IJ

noted that there were no "exceptional circumstances" which prevented Chen from appearing at the May 2000 hearing. See 8 C.F.R. § 1003.23(b)(4)(ii). The IJ further found that Chen was primarily seeking relief based on a change in her personal circumstances and that she failed to demonstrate changed conditions in China either regarding the country's current enforcement of its family planning policy or its current treatment of Christians, as required by 8 C.F.R. § 1003.23(b)(4)(i). Chen filed a timely appeal to the BIA and, in a May 2009 decision, the BIA determined that the IJ's ruling was proper. Chen filed a timely petition for review in this Court.

II.

Although we have jurisdiction to review the BIA's order denying Chen's motion to reopen, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003), the scope of our review is quite limited. INS v. Doherty, 502 U.S. 314, 323 (1992). Under the regulations, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Accordingly, we review the BIA's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna, 325 F.3d at 409. Thus, in order to succeed on the petition for review, Chen must ultimately show that the BIA's discretionary decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted). Chen has failed to make such a

showing.

III.

Chen does not dispute that she filed an untimely motion to reopen, having filed it nearly eight years after the IJ issued a final order of removal. However, she asserts that the BIA erred in finding that she presented insufficient evidence to establish changed circumstances in China, as required by 8 C.F.R. § 1003.2(c)(3)(ii), in order to avoid application of the time restriction.

In her brief on appeal, Chen first argues that the BIA abused its discretion by denying her motion to reopen "in light of the record evidence concerning the impact of her having five United States Citizen children." (Pet. Br. at 11.) Next, Chen argues that this Court should remand her case to the BIA "for consideration of the documents contained in Lin v. Mukasey, 532 F.3d 596 (7th Cir. 2008)," or alternatively "retain jurisdiction so as to permit [her] to file a successive motion to reopen based on the evidence in Lin . . . [because she] has five United States citizen children and public policy favors family unity." (Id. at 12.) Lastly, she argues that this Court should remand her case to the BIA because the Board failed to consider three of its own unpublished opinions granting motions to reopen "in cases where natives and citizens of the People's Republic of China had converted to Christianity in the United States." (Id.)

As an initial matter, we find that the BIA correctly determined that Chen's changed personal circumstance, i.e., the birth of her children, is distinct from changed

4

county conditions. See Liu v. Attorney General, 555 F.3d 145, 150-51 (3d Cir. 2009); see also Wang v. Board of Immigration Appeals, 437 F.3d 270, 273 (2d Cir. 2006). Relief is appropriately denied "where a petitioner is seeking to reopen [her] asylum case due to circumstances entirely of [her] own making after being ordered to leave the United States." Wang, 437 F.3d at 274.

We further find that the BIA did not abuse its discretion in finding that Chen failed to demonstrate the existence of a relevant change in the family planning policy in her home province since her administrative hearing in May 2000. (A.R. 4-5.) Chen asserts that the Seventh Circuit's ruling in Lin, 532 F.3d at 597, confirms that country conditions have worsened for women who have violated China's "one child" policy. However, she admits that "the record evidence in this case does not include that contained in Lin concerning the particularized evidence." (Pet. Br. at 21.)

Chen does not argue that the BIA "fail[ed] to discuss most of the evidentiary record," see Zheng v. Att'y Gen., 549 F.3d 260, 269 (3d Cir. 2008). Instead, she appears to urge this Court to consider evidence outside of the administrative record, such as those documents considered by the Second Circuit in Lin. However, we have previously held it impermissible to take judicial notice of evidence that is not a part of the administrative record.[1] See Berishaj v. Ashroft, 378 F.3d 314, 330 (3d Cir. 2004). Accordingly, we

---

[1] Chen also argues that we should remand her case to the BIA because "evidence is becoming more available" and a remand would serve the "interests of justice." (See Pet. Br. at 21.) But this evidence, which she does not identify, is also not a part of the record. Thus, to the extent Chen wishes to present new evidence to the BIA of changed country

5

reject Chen's argument that her case should be remanded to the BIA so that it may consider the evidence set forth in Lin.

We further conclude that the BIA did not err in finding that, based on the materials Chen submitted with her motion to reopen, she was unable to establish a material change in the enforcement of the China's family planning policy. First, the BIA correctly noted that at least one of the documents offered by Chen pre-dated her administrative hearing and thus did not qualify as evidence that was not available, and could not have been discovered or presented in May 2000, 8 C.F.R. § 1003. 2(c)(3)(ii). (A.R. 2.) Although Chen included an affidavit with the motion, she did not claim to have any knowledge of how officials in her home province are currently enforcing the family planning policy, nor did she submit any affidavits from family members or friends who could verify that there has been an increase in forcible sterilizations. (Id.)

Additionally, the BIA found the unauthenticated photocopies of an alleged notice regarding the further carrying out of the family planning regulations and a written reply from the Fujian Province Family Planning Commission were not specific to Chen's particular circumstances, nor did they contain "an indicia of reliability." (Id.) Moreover, the reply from the Fujian Province Family Planning Commission was written more than five years ago, and the BIA found it failed to establish the current level of enforcement.

conditions, she should do so in a motion to reopen. Furthermore, although Chen urges the Court throughout her brief to remand her case based on equitable considerations or, alternatively, to "retain jurisdiction," we find no basis for doing so.

(Id.) Based upon that analysis, we do not agree with Chen's assertion that the BIA abused its discretion by concluding that she failed to identify previously unavailable evidence showing a material change in country conditions.

Chen also argues that the BIA improperly denied her motion to reopen based on a change in China's treatment of Christians since her administrative hearing in 2000. Chen primarily argues that the BIA abused its discretion by failing to give adequate consideration to three unpublished BIA decisions that she cited in her brief on appeal to the BIA. (Pet. Br. at 21.)

The BIA's unpublished decisions, however, are not binding authority and, although the BIA may have granted an alien's motion to reopen based on a claim of religious persecution in China, those decisions are not precedent in future proceedings. See 8 C.F.R. § 1003.1(g) (noting the conditions, not present here, when a decision can serve as precedent).[2]

Chen also appears to argue that the BIA failed to adequately consider evidence of changed conditions regarding the treatment of Christians which she submitted with her motion to reopen. (Pet. Br. at 16.) Specifically, she alleges that the BIA failed to

_____

[2] Although we recognized in Cruz v. Att'y Gen., 452 F.3d 240, 250 (3d Cir. 2006), that agencies should not move away from their previous rulings without "cogent explanations," Chen does not discuss, either in her BIA appeal or in her brief before this court, how the facts of her case mirror those present in the unpublished opinions she cites. She merely states that those cases present "similar facts." (Pet. Br. at 8.) Because she provides us with no further analysis, we are unable to conclude that the BIA's denial of her claim departs from its previous rulings.

7

consider an "Annual Report on the Persecution of Chinese House Churches by Province." (Id.) However, a review of the BIA's opinion shows that the Board cited and analyzed that document specifically. (A.R. at 5.) Thus, the argument is without merit.

Having found no abuse of discretion on the part of the BIA in denying Chen's untimely motion to reopen, we will deny the petition for review.