# United States Court of Appeals
## For the First Circuit

No. 11-2280

CARMEN ORTEGA,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before
Lynch, <u>Chief Judge</u>,
Selya, <u>Circuit Judge</u>,
and Hillman,[*] <u>District Judge</u>.

Kurt Wm. Hemr for petitioner.
Meadow W. Platt, Department of Justice, Civil Division, Office of Immigration Litigation, with whom Stuart F. Delery, Acting Assistant Attorney General, Civil Division, and Terri J. Scadron, Assistant Director, Office of Immigration Litigation, were on brief, for respondent.

November 27, 2013

---

[*]Of the District of Massachusetts, sitting by designation.

**HILLMAN, District Judge.** Petitioner Carmen Ortega seeks review of a decision of the Board of Immigration Appeals finding her ineligible for cancellation of removal under 8 U.S.C. § 1229b. Ortega challenges the Board's holding and its procedural steps for determining that her second state conviction for possession of a controlled substance corresponded to the federal offense of "recidivist possession" under 21 U.S.C. § 844(a). Because we lack jurisdiction to review Ortega's claims on this petition for review, we must dismiss the case.

## I. Facts and Background

Carmen Ortega is a 62-year-old native and citizen of the Dominican Republic. She was admitted to the United States as a lawful permanent resident in January of 1969. In the four decades since, she has worked at two nursing homes and as a home health aide treating elderly patients. Her family in the United States includes five children, fourteen grandchildren, and one great-grandchild, all citizens, as well as an older brother and his wife. Ortega has no family remaining in the Dominican Republic. In the spring of 2012, Ortega was diagnosed with Alzheimer's disease.

In June of 2008, Ortega pleaded nolo contendere in a Rhode Island state court to possession of a controlled substance in violation of section 21-28-4.01 of the Rhode Island General Laws. Ortega's plea agreement included a waiver of her right to appeal

her sentence. The Rhode Island state court ultimately sentenced Ortega to nine months' imprisonment on the charge.

In October of 2009, Ortega once more pleaded nolo contendere to possession of a controlled substance. Because the charge was Ortega's second offense, Ortega's plea reflected that she had been charged with "Poss heroine 2nd off." and the state court recorded a guilty plea for "Poss Sch. I-V Contrl Sub/2nd Off." Pursuant to Rhode Island General Laws § 21-28-4.11, which subjects a second controlled-substances offender to twice the prison term of a first-time offender, the court sentenced Ortega to one year imprisonment, with a suspended sentence of five years and a term of probation of five years.

On November 25, 2009, the Department of Homeland Security (DHS) initiated removal proceedings against Ortega under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of violating a law relating to a controlled substance. Ortega conceded her removability as charged, but applied for cancellation of removal under 8 U.S.C. § 1229b(a). Following a hearing in April of 2010, an Immigration Judge (IJ) granted Ortega's application for relief. While mindful of Ortega's criminal charges, the IJ found that Ortega's extended residency in the United States, history of employment, strong family ties, and lack of family in the Dominican Republic weighed in favor of cancellation.

On appeal by the DHS, the Board of Immigration Appeals (BIA) vacated the IJ's decision. The BIA found that Ortega's second state conviction for possession of a controlled substance could be seen to correspond to the federal offense of "recidivist possession" under 21 U.S.C. § 844(a), an aggravated felony rendering an applicant statutorily ineligible for cancellation of removal. Because an alien bears the burden of demonstrating her eligibility where a statutory bar "may apply" under 8 U.S.C. § 1229b(a)(3), and because Ortega failed to disprove the correspondence between the two recidivist statutes, the BIA concluded that Ortega was ineligible for relief.

On remand, the IJ entered an order of removal and the BIA affirmed. In its September 30, 2011 decision, the BIA reiterated its position that Ortega's second state conviction was an aggravated felony rendering her ineligible for cancellation of removal. The BIA further found that, regardless of the statutory bar, Ortega did not merit relief in the exercise of its discretion. The BIA acknowledged the positive equities in favor of relief, including Ortega's extensive family ties in the United States. Nevertheless, it concluded that the severe and repetitive nature of Ortega's criminal convictions, not least the suggestion that she had sold as well as possessed controlled substances, counseled against cancellation. Of the three panelists, one member dissented, finding that Ortega had demonstrated both her

-4-

eligibility for cancellation and entitlement to relief on the merits.

On March 16, 2012, following her diagnosis with Alzheimer's disease, Ortega filed a motion to reopen her removal proceedings so that the BIA could take into account her new medical condition. On May 8, 2012, the BIA denied Ortega's motion as untimely, having been filed well over 90 days after the BIA's September 30, 2011 decision. The BIA further found that reopening was unwarranted because, in light of her criminal convictions, Ortega had failed to demonstrate prima facie eligibility for relief.

## II. Discussion

Before us, Ortega contends that the BIA committed two legal errors in determining that her second state conviction triggered the statutory bar against her application for cancellation of removal. First, Ortega argues that Rhode Island's sentencing enhancement for second-time offenders under R.I. Gen. Laws § 21-28-4.11 cannot correspond to the federal felony of "recidivist possession" under 21 U.S.C. § 844(a) because only the federal, but not the state, framework gives prosecutors discretion over whether to charge a defendant as a repeat offender. Second, Ortega argues that the BIA violated the procedural requirements of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), by looking outside the record of Ortega's second state conviction to determine

that her first conviction had become "final," a required element of recidivist possession under 21 U.S.C. § 844(a).

This court lacks the jurisdiction to consider either of Ortega's claims.

Under the Immigration and Nationality Act (INA), appellate courts have no jurisdiction to review "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). The enumerated sections include 8 U.S.C. § 1229b, the provision governing cancellation of removal. The INA's divestiture of appellate jurisdiction is subject to one statutory exception: judicial review of purely legal or constitutional issues. Hasan v. Holder, 673 F.3d 26, 32 (1st Cir. 2012); 8 U.S.C. § 1252(a)(2)(D). Purely discretionary decisions or determinations by the BIA, however, fall beyond the review of the appellate courts. Hasan, 673 F.3d at 32.

While the BIA's September 30, 2011 decision affirmed that Ortega's second state conviction rendered her statutorily ineligible for cancellation of removal, that same opinion also held that Ortega failed to establish a claim for relief on the merits. This alternative holding is a purely discretionary decision. Because we cannot overturn the BIA's discretionary denial of relief regardless of our legal conclusions, any opinion we reach on Ortega's statutory or procedural claims would be purely advisory

and beyond our authority under Article III.  See State of R.I. v. Narragansett Indian Tribe, 19 F.3d 685, 705 (1st Cir. 1994) ("Article III of the Constitution forbids courts from issuing advisory opinions or answering hypothetical questions.").  As this court observed in Zajanckauskas v. Holder, where "we lack jurisdiction to review the discretionary ground" for denial of cancellation and "a reversal of the [alternate] grounds we have jurisdiction to review would not change the outcome, review of the legal questions would be moot."  611 F.3d 87, 89 (1st Cir. 2010). In such a case, "we must dismiss [the] appeal."  Id. at 90.[1]

Ortega argues that her petition is not mooted by the BIA's discretionary holding because the question of whether her state conviction constitutes an "aggravated felony" has independent legal significance under the INA, bearing for example on Ortega's eligibility for a temporary return to the United States under 8 U.S.C. § 1182(d)(3).  It is true that an alien convicted of an aggravated felony loses access to certain privileges and opportunities under the INA.  See, e.g., 8 U.S.C.

---

[1] Ortega relies on the Supreme Court's decision in Kucana v. Holder, 558 U.S. 233 (2010), to argue that the BIA cannot insulate its decisions from review merely by terming them "discretionary." However, the Court's holding in Kucana addressed limitations imposed by the BIA's internal regulations, rather than congressional statutes.  See id. at 243.  Kucana explicitly affirmed that "the decisions Congress enumerated in § 1252(a)(2)(B)(i)" are "insulat[ed] . . . from judicial review." Id. at 247.  Kucana therefore has no bearing on an appellate court's jurisdiction over the BIA's decisions pursuant § 1229b, a section enumerated in § 1252(a)(2)(B)(i).

§ 1182(a)(9)(A)(ii) (rendering "inadmissible" aliens previously removed under § 1229a who have "been convicted of an aggravated felony"). However, Ortega's argument misconstrues the burden-shifting framework underlying the BIA's denial of Ortega's application for cancellation. Regardless of the substantive merits of the BIA's conclusions, as a legal matter the BIA found only that Ortega's second conviction established that a statutory bar "may apply" to her eligibility for relief, and that Ortega subsequently did not carry her burden of showing by a preponderance of the evidence that she was not, in fact, an "aggravated felon." See 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply."). The BIA's finding that Ortega failed to disprove that an aggravated-felon prohibition "may apply" to her case is not equivalent to a finding that Ortega was in fact convicted of an aggravated felony so as to affect her privileges under 8 U.S.C. § 1182.

Alternately, Ortega argues that this court's reversal of the BIA's legal holding might yet change the outcome of her case, because on remand the BIA may revise its discretionary holding in light of her recent Alzheimer's diagnosis. While Ortega's prediction may be plausible, it is one that should be raised on

petition for review of the BIA's denial of Ortega's motion to reopen rather than here. In general, an applicant who wishes to introduce new evidence to the BIA must do so through a motion to reopen, not through a remand from the court of appeals. See He Chen v. Attorney Gen. of U.S., 388 F. App'x 146, 148 n.1 (3d Cir. 2010) ("[T]o the extent [the petitioner] wishes to present new evidence to the BIA of changed country conditions, she should do so in a motion to reopen."); Topalli v. Ashcroft, 121 F. App'x 133, 137 (7th Cir. 2005) ("If [the petitioner] wanted to submit new evidence, however, he should have submitted it to the BIA as part of a motion to reopen." (citation omitted)). At this stage of the proceedings, where Ortega failed to introduce her medical records to either the IJ or the BIA, this court does not have authority to remand for the consideration of further evidence. See Castaneda-Castillo v. Holder, 723 F.3d 48, 64 (1st Cir. 2013) ("[R]emanding a case to an immigration agency with the purpose of having it collect additional evidence, at least at the behest of a petitioner, appears to be prohibited under a plain reading of section 242 of the INA . . . ."); 8 U.S.C. § 1252(a)(1).

## III. Conclusion

For the foregoing reasons, we dismiss this petition for review for lack of jurisdiction. We neither consider nor affirm the BIA's finding that Ortega failed to carry her burden to

establish eligibility for cancellation of removal under 8 U.S.C. § 1229b(a).

The petition for review is <u>dismissed</u>.