NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0226n.06
No. 23-3532

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

May 30, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| JOSE CRUZ LOZANO-HERNANDEZ, | ) | |
| Petitioner, | ) | |
|  | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
|  | ) | OPINION |
| Respondent. | ) | |

Before: KETHLEDGE, LARSEN and BLOOMEKATZ, Circuit Judges.

LARSEN, Circuit Judge. Jose Cruz Lozano-Hernandez petitions this court for review of a decision of the Board of Immigration Appeals (BIA) denying his applications for cancellation of removal or, in the alternative, voluntary departure. The BIA denied Lozano-Hernandez's applications, concluding that his case did not warrant a favorable exercise of discretion. We lack jurisdiction to review the agency's dispositive exercise of its discretion. We therefore DISMISS the petition for review.

I.

Lozano-Hernandez entered the United States illegally in May 1996 at the age of eighteen. He was apprehended by immigration authorities in 1998 and was granted voluntary departure to Mexico. Two weeks after his voluntary departure, Lozano-Hernandez reentered the United States illegally. He has remained in the United States since that time.

Lozano-Hernandez lives in Lorain, Ohio, where he owns and operates a construction business. He is married to a United States citizen and has three United States-citizen children from prior relationships and three United States-citizen step-children. All the children are now adults, but at the time of Lozano-Hernandez's immigration hearing, two were in high school, aged 17 and 18. Lozano-Hernandez is involved in the lives of his children and provides some support to his family. But he previously failed to make child-support payments and was $14,000 in arrears at the time of his hearing. He also has a criminal record. He was convicted of disorderly conduct, possession of criminal tools, and attempted non-support, and he was arrested for driving under the influence resulting in a conviction for reckless operation.

In 2011, Lozano-Hernandez was again apprehended by immigration authorities. The government initiated removal proceedings under 8 U.S.C. § 1182(a)(6)(A)(i). Lozano-Hernandez conceded removability but applied for multiple forms of relief, only two of which are at issue here: cancellation of removal and voluntary departure.[1] After a series of continuances, an Immigration Judge (IJ) held a hearing and denied Lozano-Hernandez's applications for relief. The IJ determined that Lozano-Hernandez was ineligible for relief because he lacked good moral character and, with respect to cancellation of removal, he had failed to show that his removal would cause his qualifying relatives exceptional and extremely unusual hardship. The IJ also concluded that Lozano-Hernandez was undeserving of relief as a matter of discretion.

The BIA affirmed. The BIA concluded that Lozano-Hernandez's application did "not warrant a favorable exercise of discretion for either cancellation of removal or voluntary departure." AR 5. And he was not even eligible for cancellation of removal because he had not

---

[1] The IJ and BIA denied Lozano-Hernandez's applications for asylum, withholding of removal, and protection under the Convention against Torture. Lozano-Hernandez does not seek review of those decisions in this court.

shown that his removal would cause exceptional and extremely unusual hardship to his qualifying relatives. The BIA did not, however, adopt the IJ's conclusion that Lozano-Hernandez lacked good moral character.

Lozano-Hernandez now petitions this court for review.

## II.

The Attorney General "may" cancel removal or allow voluntary departure for aliens meeting certain eligibility requirements. 8 U.S.C. §§ 1229b, 1229c. To be eligible for either cancellation of removal or voluntary departure, an alien must have exhibited "good moral character" during the period set by statute. *Id.* §§ 1229b(b)(1)(B), 1229c(b)(1)(B). Eligibility for cancellation of removal also requires an alien to show that removal would cause "exceptional and extremely unusual hardship" to his or her qualifying relatives. *Id.* § 1229b(b)(1)(D). We have jurisdiction to review the BIA's hardship determination "under [8 U.S.C.] § 1252(a)(2)(D), which gives Courts of Appeals jurisdiction to review 'questions of law.'" *Wilkinson v. Garland*, 601 U.S. 209, 212, 217 (2024). But even if an alien meets all eligibility requirements, the Attorney General retains "residual 'discretion to deny relief.'" *Singh v. Rosen*, 984 F.3d 1142, 1147 (6th Cir. 2021) (quoting *Galicia Del Valle v. Holder*, 343 F. App'x 45, 51 (6th Cir. 2009)). And we lack jurisdiction to review the BIA's exercise of its discretion. *Id.* at 1148–49; 8 U.S.C. § 1252(a)(1), (a)(2)(B), (a)(2)(D).

In this case, the BIA concluded that Lozano-Hernandez was ineligible for cancellation of removal because he had not shown that his qualifying family members would suffer exceptional

and extremely unusual hardship. Lozano-Hernandez challenges that conclusion, which we have the statutory authority to review.[2] *Wilkinson*, 601 U.S. at 217.

But the BIA *also* concluded that "[Lozano-Hernandez] does not warrant a favorable exercise of discretion for either cancellation of removal or voluntary departure." AR 5. The BIA reached that conclusion after weighing Lozano-Hernandez's lengthy period of residence in the United States, his relationship with his family, his employment history, and his generosity toward others against his child-support arrearage and his criminal record.

"[W]e have no jurisdiction to review that discretionary decision." *Bernardino Murillo v. Barr*, 795 F. App'x 437, 441 (6th Cir. 2019). We may entertain "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). But Lozano-Hernandez has not identified any constitutional or legal questions "underlying the BIA's exercise of its discretion." *Bernardino Murillo*, 795 F. App'x at 441. "Thus, even if we were to conclude that [Lozano-Hernandez's] arguments regarding . . . hardship had merit, we would have no authority to disturb the BIA's discretionary denial of relief." *Id.* So we cannot grant him relief.

The only remaining question is whether to deny or dismiss Lozano-Hernandez's petition for review. We think the proper course is to dismiss the petition for lack of subject-matter jurisdiction. "Because we cannot overturn the BIA's discretionary denial of relief regardless of our legal conclusions, any opinion we reach on [Lozano-Hernandez's other] claims would be purely advisory and beyond our authority under Article III." *Ortega v. Holder*, 736 F.3d 637, 640 (1st Cir. 2013); *see also Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005) ("Absent

---

[2] Lozano-Hernandez also challenges the IJ's moral-character finding. That is a mixed question reviewable under 8 U.S.C. § 1252(a)(2)(D). *Hernandez v. Garland*, 59 F.4th 762, 768 (6th Cir. 2023). But the BIA did not rely on the IJ's moral-character finding, and the BIA's opinion is the one we review. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

authority to review the discretionary ground, any opinion of ours reviewing the nondiscretionary ground could not affect the final order's validity and so would be advisory only.").

\* \* \*

We DISMISS the petition for review.