**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 06-1927

FIDENCIO JIMENEZ,

Petitioner,

v.

ALBERTO R. GONZÁLES, ATTORNEY GENERAL,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Jeffrey B. Rubin on brief for petitioner.
James M. Dowd, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, and Jeffrey J. Bernstein, Senior Litigation Counsel, on brief for respondent.

---

January 29, 2007

---

**Per Curiam**.  Fidencio Jimenez petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ's) decision finding Jimenez removable as an aggravated felon and denying his applications for asylum, withholding of removal and protection under the Convention Against Torture (CAT).  Under the REAL ID Act this Court has jurisdiction to review only issues of law and constitutional issues.

Petitioner contends that the IJ erred in determining that his predicate federal conviction for money laundering, in violation of 18 U.S.C. § 1956 constituted an aggravated felony under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43).[1]  Such a determination "presents a pure question of law and, accordingly, engenders de novo review." Conteh v. Gonzales, 461 F.3d 45, 52 (1st Cir. 2006).

The IJ relied upon Count One of the Information, to which petitioner pled guilty.  This count stated that the money laundering involved at least $15,000.  The IJ also noted that the sentencing judge ordered petitioner to forfeit $15,000.  Reliance upon the Information and the forfeiture order (included as part of the judgment) was permissible.  "These documents are part of the

---

[1] "Where, as here, the BIA summarily affirms the decision of the IJ, we review the decision of the IJ." Mihaylov v. Ashcroft, 379 F.3d 15, 18 n.3 (1st Cir. 2004).

record of conviction and, accordingly, . . . the BIA's consultation of them in aggravated felony cases is proper." Id. at 59.[2]

The government argues that this court lacks jurisdiction to review Jimenez's claims that the IJ erred in determining that he was ineligible for withholding of removal and relief under the CAT. "Section 242(a)(2)(C) (codified at 8 U.S.C. § 1252(a)(2)(C)) provides in relevant part that 'no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered' by the statutory provision making aggravated felons removable." Sousa v. INS, 226 F.3d 28, 30-31 (1st Cir. 2000). An exception to the jurisdictional bar was added by the REAL ID Act of 2005, permitting this court to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). However, "[u]nder the terms of this limited jurisdictional grant, 'discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals.'" Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005).

Petitioner argues that the IJ erred in determining that he had failed to show that it was likely that petitioner would be persecuted because of any of the five protected grounds, or

---

[2] Petitioner's argument that the IJ failed to provide an adequate explanation for his removability determination is meritless. The IJ clearly explained the basis for his ruling that Jimenez was removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii).

tortured by or with the acquiescence of a public official. Essentially, his argument is that the IJ's determinations were "against the weight of the evidence." Such a claim does not fall within the exception created by the REAL ID Act for constitutional claims or questions of law. Therefore, this court lacks jurisdiction over petitioner's claims that the IJ erred in denying withholding of removal or relief under the CAT.[3]

The petition for review is <u>denied</u> insofar as it challenges the order of removal on the ground that Jimenez is not an aggravated felon; and it is <u>dismissed</u> for lack of jurisdiction with respect to the remaining claims.

<u>          It is so ordered.</u>

---

[3] Even if we had jurisdiction to review those claims, we would not find that petitioner's evidence would compel a factfinder to conclude that the requested relief was warranted. <u>See</u> <u>Settenda</u> v. <u>Ashcroft</u>, 377 F.3d 89, 93 (1st Cir. 2004).