# United States Court of Appeals
## For the First Circuit

No. 08-1774

VYACHESLAV TELYATITSKIY,

Petitioner,

v.

ERIC H. HOLDER, JR.,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Boudin and Howard, <u>Circuit Judges</u>.

Matthew D. Levitt, with whom <u>Susan J. Cohen</u>, <u>Andrew Nathanson</u> and <u>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.</u> were on brief, for petitioner.
<u>Shahrzad Baghai</u>, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, with whom <u>Tony West</u>, Assistant Attorney General and <u>Greg D. Mack</u>, Senior Litigation Counsel were on brief, for respondent.

January 14, 2011

**HOWARD**, <u>Circuit Judge</u>. Vyacheslav Telyatitskiy, a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reconsider its earlier affirmance of an Immigration Judge's (IJ) removal order. Telyatitskiy argues that the BIA and IJ erred in finding him ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) and deferral of removal under the Convention Against Torture (CAT). For the reasons set forth below, the petition is dismissed.

## I.

Fleeing anti-Semitic violence in Ukraine, Telyatitskiy came to the United States as a refugee in 1995 and subsequently attained lawful permanent resident status. He placed that status in jeopardy, however, when in 2006 he was convicted in a Massachusetts court for assault and battery with a dangerous weapon. Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), the Department of Homeland Security initiated removal proceedings against him later that year based on his conviction for an aggravated felony. Telyatitskiy parried with applications for asylum, withholding of removal, and deferral of removal under the CAT.

After a hearing, an IJ concluded that Telyatitskiy was removable. The IJ also rejected each of Telyatitskiy's claims for relief. First, the IJ determined that the aggravated felony conviction rendered Telyatitskiy ineligible for asylum under 8

U.S.C. § 1158(b)(2)(B)(i).[1]  The IJ next found that, should
Telyatitskiy be deported to Ukraine, he would likely be persecuted
for his religion and nationality.  Normally, this finding would
have qualified him for withholding of removal.  See 8 U.S.C.
§ 1231(b)(3)(A).  Nevertheless, the IJ found that Telyatitskiy's
conviction constituted a particularly serious crime under the
standard set forth in Matter of Frentescu, 18 I & N Dec. 244 (BIA
1982), rendering him ineligible for that relief.  See 8 U.S.C.
§ 1231(b)(3)(B)(ii).  Finally, the IJ denied Telyatitskiy's CAT
claim on the merits, finding that despite Ukraine's status as "a
seriously antisemitic country," there was still insufficient
evidence that any harm to Telyatitskiy "would be inflicted by or
with the acquiescence of a public official or other person acting
in an official capacity," as required by the treaty's implementing
regulations.

Telyatitskiy appealed the IJ's decision to the BIA, and
the BIA affirmed.  Although that affirmance constituted a final
order that would have been subject to our circumscribed review,
see 8 U.S.C. § 1252(a)(1), Telyatitskiy did not petition this court
to review it.  Instead, he moved the BIA to reconsider its order,
asking it to revisit some -- but not all -- of the matters that it
had originally addressed.  The BIA denied the motion to reconsider.

---

[1]Telyatitskiy has not challenged this denial of asylum.

It is that denial that Telyatitskiy has petitioned us to review, and to which we now turn.

## II.

Because Telyatitskiy was deemed removable by reason of his conviction of an aggravated felony, our jurisdiction is limited to a "review of constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D); see Larngar v. Holder, 562 F.3d 71, 75 (1st Cir. 2009).

Telyatitskiy first claims that the IJ's withholding of removal analysis was erroneous as a matter of law because it considered improper factors in determining what constitutes a particularly serious crime. In Matter of Frentescu, the BIA held that the question of whether a given crime was a particularly serious one turned on "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and whether the type and circumstances of the crime indicate that the alien will be a danger to the community." Id. at 247. Some courts have interpreted this standard to preclude consideration of information unrelated to the crime of conviction. See, e.g., Alaka v. Att'y Gen., 456 F.3d 88, 109 (3d Cir. 2006); Yousefi v. INS, 260 F.3d 318, 329-30 (4th Cir. 2001).

Here, the IJ appeared to rely not only on the nature of the crime itself, but also on Telyatitskiy's post-conviction behavior during his period of incarceration; a previous, unrelated

-4-

assault charge; and other charges, ultimately dismissed, that were brought alongside the charge on which he was convicted. By relying in part on these additional factors, Telyatitskiy now claims, the IJ acted beyond the scope of its authority.

Were this claim properly before us, it might constitute a reviewable question of law. See Lumataw v. Holder, 582 F.3d 78, 85 (1st Cir. 2009). But the claim is not properly before us. To begin with, Telyatitskiy has sought judicial review not of the BIA's underlying withholding decision, but only of the denial of his motion for reconsideration. That motion confined itself to his CAT claim. Accordingly, we have no jurisdiction to consider the BIA's treatment of the withholding of removal claim. Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009). Telyatitskiy argues that we ought to recognize an exception that would allow us to review the BIA's underlying decision. Yet even if Telyatitskiy had preserved a withholding claim, a second jurisdictional impediment would remain. Although Telyatitskiy's original administrative appeal did allege error in the IJ's application of the Frentescu standard, that allegation concerned the IJ's failure to consider all of the evidence. It was, in other words, an argument that the IJ looked at too little; it is only now that Telyatitskiy has begun to argue that the IJ looked at too much. Where a petitioner fails to exhaust administrative remedies on a claim by presenting it to the BIA, judicial review is precluded. 8 U.S.C. § 1252(d)(1);

-5-

Kechichian v. Mukasey, 535 F.3d 15, 22 (1st Cir. 2008). Thus, both because of the limited nature of the motion to reconsider and because of his complete failure to argue the scope of relevant evidence issue to the BIA, Telyatitskiy's withholding of removal claim is not reviewable here.

This leaves Telyatitskiy's claim that the BIA committed constitutional or legal error in rejecting his motion to reconsider the denial of his CAT claim. He first argues that by failing to reference record evidence of police brutality against Jews in Ukraine, the IJ must have failed to consider that evidence entirely. A full and fair reading of Telyatitskiy's briefs, however, suggests that this is argument is little more than a thinly disguised claim concerning evidentiary weight, which we are statutorily barred from reviewing. See Larngar, 562 F.3d at 75; Jimenez v. Gonzales, 215 F. App'x 8, 9 (1st Cir. 2007). But even if reviewable, the argument fails. An IJ does not err merely by failing to address specifically each piece of evidence the petitioner presented. Pakasi v. Holder, 577 F.3d 44, 48 (1st Cir. 2009); Morales v. INS, 208 F.3d 323, 328 (1st Cir. 2000). The record reveals that the IJ considered the totality of the evidence presented, even if it did not recite that evidence in all its detail.[2]

---

[2]Similarly, the BIA is not required to detail exhaustively its reasons for affirmance. Where, as here, the BIA's decision "illuminate[s] the path of its reasoning," no more is necessary.

Telyatitskiy also contends that even if the IJ considered the evidence of police brutality, he must have done so under a legally erroneous definition of torture. To be actionable under the CAT, torture must be both likely to occur after removal and "inflicted by or at the instigation of or within the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). While acknowledging popular anti-Semitism in Ukraine, the IJ found that Telyatitskiy had not presented sufficient evidence to establish that the state action requirement would likely be satisfied. Telyatitskiy posits that this finding is fundamentally incompatible with the record, which included studies documenting human rights abuses in Ukrainian pretrial detention facilities as well as his own account of abuse at the hands of the Ukrainian police during his youth. Again, this appears to be little more than a weight-of-the-evidence argument. Telyatitskiy points to no error of law, but merely expresses incredulity that the IJ could have rejected a proffer as strong as he believed his to be. Judicial review of such claims is not permitted under § 1252.

### III.

The petition for review is <u>dismissed</u>.

---

Lopez Perez v. Holder, 587 F.3d 456, 460 (1st Cir. 2009).