FILED
United States Court of Appeals
Tenth Circuit

March 21, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SURY BLAIMIR ARCE-JIMENEZ,
a/k/a Sury Jimenez,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 12-9569
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Sury Blaimir Arce-Jimenez, a native and citizen of Colombia, petitions for

review of a final order of removal by the Board of Immigration Appeals (BIA).  The

BIA rejected his contention that his removal proceedings violated his Fifth

Amendment right to fundamental fairness because he was mentally incompetent and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the immigration judge (IJ) should have provided him procedural safeguards. Exercising jurisdiction under 8 U.S.C. § 1252(a), as limited by § 1252(a)(2)(C), we dismiss the petition in part and deny review in part.

Mr. Arce-Jimenez was a lawful permanent resident who was placed in removal proceedings because of two Colorado criminal convictions, one for forgery of a check or commercial instrument and one for theft. He sought asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on being homosexual and HIV-positive. Before holding his removal hearing, the IJ gave him several extensions so that he could secure counsel. But the IJ denied a request for Mr. Arce-Jimenez's godfather, who was not an attorney, to represent him.

Mr. Arce-Jimenez was not able to retain counsel, so he represented himself at his removal hearing. During the hearing, it came to the IJ's attention that Mr. Arce-Jimenez may not be mentally competent. After reviewing the documentary evidence and considering his demeanor during the proceedings, the IJ found that he was competent. Accordingly, the IJ did not implement any special safeguards to protect his rights.

Because the criminal convictions qualified as aggravated felonies, the IJ held that Mr. Arce-Jimenez was statutorily ineligible for asylum and withholding of removal. Although he remained eligible for deferral of removal under the CAT, the IJ held that he had not shown that it was "more likely than not that he would be tortured by a government agent, or by someone else with the consent, acquiescence,

or approval of authoritative government officials acting in an official capacity." R. at 105-06.

A three-member panel of the BIA adopted the IJ's decision, with additional discussion. As relevant to this appeal, the BIA held that the IJ's finding of competency was not clearly erroneous and that Mr. Arce-Jimenez was afforded due process. Because Mr. Arce-Jimenez was competent, the BIA stated, the IJ did not err by declining the request for his godfather to represent him. The BIA affirmed the denial of deferral of removal under the CAT.

Before this court, Mr. Arce-Jimenez renews his arguments that the IJ clearly erred in finding that he was competent and that his constitutional right to due process required that he be afforded safeguards such as having his godfather represent him. The government responds that this court lacks jurisdiction to review the issue of Mr. Arce-Jimenez's competency.

Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, among other offenses. There are limited exceptions to this bar, however, including § 1252(a)(2)(D), which allows review of "constitutional claims or questions of law." Mr. Arce-Jimenez does not contest that his convictions qualify as aggravated felonies. Instead, he argues that his due-process argument raises a constitutional claim that is reviewable under § 1252(a)(2)(D), and that the factual determination of competency is subject to

- 3 -

review as an integral component of that constitutional claim. We agree that an argument regarding due process is a constitutional claim that is reviewable under § 1252(a)(2)(D). We disagree, however, that the factual determination of competency also is reviewable.

Competency is a factual determination. *See United States v. Pompey*, 264 F.3d 1176, 1178 (10th Cir. 2001). Section 1252(a)(2)(D) permits review only of "constitutional claims or questions of law," which do not include "the agency's discretionary and factual determinations," *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006). The crux of Mr. Arce-Jimenez's argument is that the agency wrongly determined that he was mentally competent. This unreviewable fact issue cannot be made reviewable by re-casting it as a constitutional question. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) ("An alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome."); *see also* H.R. Rep. No. 109-72, at 175 (2005) (cited in *Brue v. Gonzales*, 464 F.3d 1227, 1231 (10th Cir. 2006)) ("When a court is presented with a mixed question of law and fact, the court should analyze it to the extent there are legal elements, but should not review any factual elements.").

Accordingly, we cannot review whether the agency erred in concluding that Mr. Arce-Jimenez was competent. We may review only whether, given the agency's finding that he was competent, his proceeding was fundamentally fair. "An alien in

- 4 -

removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) "[W]hen facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (internal quotation marks omitted). And we must conclude that the proceeding was fundamentally fair. Mr. Arce-Jimenez was given ample notice of the removal hearing (which was continued several times to allow him to seek counsel) and was able to participate in that hearing. Moreover, during the hearing, the IJ followed the BIA's established procedure for determining competency. *See In re M-A-M-*, 25 I. & N. Dec. 474, 480-81 (BIA 2011). Having determined that Mr. Arce-Jimenez was competent, the agency was not required to allow his godfather to represent him or to provide any other safeguards. *See id.* at 481 (the IJ need consider safeguards only if the IJ "determines that a respondent lacks sufficient competency to proceed with the hearing").

Mr. Arce-Jimenez's motion for leave to proceed without prepayment of costs or fees is granted. The petition for review is dismissed in part and denied in part.

Entered for the Court

William J. Holloway, Jr.
Senior Circuit Judge

- 5 -