**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-1608

KENNETH KENROY MORRIS,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Selya, Stahl, and Lipez,
<u>Circuit Judges</u>.

<u>Gregory C. Osakwe</u> on brief for petitioner.
<u>Tracey N. McDonald</u>, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, <u>Stuart F. Delery</u>, Acting Assistant Attorney General, and <u>Ernesto H. Molina, Jr.</u>, Assistant Director, on brief for respondent.

December 16, 2013

**Per Curiam**.  Petitioner Kenneth Kenroy Morris, a native and citizen of Jamaica, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the denial of his application for deferral of removal under the Convention Against Torture (CAT).  Because Morris was found removable on the basis of an aggravated felony conviction and he presents neither questions of law nor constitutional claims, we lack jurisdiction to review the BIA's decision.  We therefore dismiss his petition for review.

Morris was admitted to the United States as a lawful permanent resident in January of 1992.  In May of 2004, following a guilty plea, he was convicted in the State of Connecticut Superior Court of conspiracy to commit robbery in the first degree -- firearm threat, in violation of Connecticut General Statutes §§ 53a-134(a)(4) and 53a-48(a).  He was sentenced to five years of incarceration (the execution of which sentence was suspended) and three years of probation.

On February 25, 2012, the Department of Homeland Security served him with a Notice to Appear (NTA) charging him with removability based upon his conviction for an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").  Morris admitted the factual allegations in the NTA and conceded the charges of removability.  The immigration judge (IJ) determined that his conviction for an aggravated felony rendered him

ineligible for asylum. See id. § 1158(b)(2)(A)(ii), (B)(i).

Moreover, because he received a five-year sentence of incarceration, his aggravated felony constituted a particularly serious crime, rendering him ineligible for withholding of removal under the Immigration and Nationality Act, see id. § 1231(b)(3)(B), and under the CAT, see 8 C.F.R. § 1208.16(d)(2). The IJ therefore construed his application for CAT protection as one for deferral of removal. The IJ denied relief, concluding that Morris had provided insufficient evidence to establish a clear probability that he would be targeted by the Jamaican police for mistreatment based upon his status as a deportee.

The BIA dismissed Morris's subsequent appeal, noting that he did not challenge the IJ's finding that he had been convicted of a particularly serious crime and affirming the IJ's conclusion that he had failed to establish a clear probability that he would be tortured if he were removed to Jamaica.

Because Morris is removable for having been convicted of an aggravated felony (a point he does not appear to contest),[1] we

---

[1] In a footnote, Morris suggests that he was placed in removal proceedings "based on a questionable conviction . . . of very doubtful provenance." Aside from this one unexplained assertion, Morris does not press the argument and we consider it waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). In any event, in his written pleading before the immigration court, he expressly conceded all factual allegations and charges of removability contained in the NTA, including that he was subject to removal due to his conviction for an aggravated felony. We find nothing in the

-3-

lack jurisdiction to consider his claims. See 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [§ 1227(a)(2)(A)(iii)]."). Although there is an exception for "review of constitutional claims or questions of law raised upon a petition for review," id. § 1252(a)(2)(D), he raises no such claims or questions here. Instead, Morris challenges the IJ's (and, by extension, the BIA's affirmance of the IJ's) credibility assessments, evaluation of the evidence, and ultimate determination that he had not carried his burden to show that it was more likely than not that he would be tortured. These are precisely the types of fact-based determinations that we are statutorily barred from reviewing. See Conteh v. Gonzales, 461 F.3d 45, 63 (1st Cir. 2006) ("[J]udicial review of the factual findings underlying a removal order based on an aggravated felony conviction remains foreclosed. This proscription extends to review of the BIA's factual findings as to credibility, evidentiary weight, and satisfaction of a correctly framed burden of proof.") (citation omitted); see also Telyatitskiy v. Holder, 628 F.3d 628, 631 (1st Cir. 2011). Indeed, insofar as Morris has not responded to the government's jurisdictional argument, he does not appear to contend otherwise.

---

record that would indicate that his conviction was invalid.

Because we lack jurisdiction to consider Morris's claims, his petition for review is dismissed.

**So ordered.**