**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JORGE MEDRANO-OLIVAS, a/k/a
Jorge Olivas, a/k/a Jorge Medrano
Olivas, a/k/a Jorge Medrano,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 14-9539
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.

---

Jorge Medrano-Olivas, a native and citizen of Mexico, seeks review of the

decision by the Board of Immigration Appeals (BIA) upholding the denial of his

application for deferral of removal under the Convention Against Torture (CAT).

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), as constrained by § 1252(a)(2)(C), (D), and we deny the petition.

## BACKGROUND

Mr. Medrano-Olivas was admitted to the United States as a lawful permanent resident in 1985. He was later convicted of sexually assaulting a child in violation of Colo. Rev. Stat. § 18-3-405(1) and (2)(d), and sentenced to ten years in prison.

In 2013, the Department of Homeland Security charged Mr. Medrano-Olivas with being removable based on his conviction. He appeared before an immigration judge (IJ), conceded removability, and sought to defer removal under the CAT.

In support of his CAT claim, Mr. Medrano-Olivas submitted the State Department's 2012 Report on Human Rights Practices for Mexico. Also, he testified that he feared returning to Mexico "[b]ecause of all the crime that's going on" and because a drug cartel might target him as being wealthy due to his long residency in the United States. R. at 60. He explained that he had friends who had disappeared in Mexico and "their families don't have any idea whether it was the government or people from the cartels." *Id.* at 62.

An IJ found that Mr. Medrano-Olivas's conviction qualified as a crime-of-violence aggravated felony under 8 U.S.C. § 1101(a)(43)(F).[1]

---

[1] The IJ also found that Mr. Medrano-Olivas's conviction was a particularly serious crime, which made him ineligible for asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). Mr. Medrano-Olivas does not contest this determination.

Accordingly, the IJ ordered Mr. Medrano-Olivas removed to Mexico, concluding, without mentioning the 2012 Country Report, that Mr. Medrano-Olivas had failed to show a likelihood of torture.

On appeal, the BIA issued a single-member brief order, determining that Mr. Medrano-Olivas's fear of torture by the government was speculative and that there was no evidence the Mexican government would consent or acquiesce in his torture by private individuals. In doing so, the BIA extensively referenced the 2012 Country Report and concluded that the IJ's failure to mention that report did not necessarily mean it was not considered with the rest of the evidence. The BIA then dismissed the appeal.

## DISCUSSION

"[O]ur jurisdiction to review an order of removal against an aggravated felon is significantly limited: we may review the removal order only to the extent petitioner raises constitutional or legal challenges to the order[.]" *Waugh v. Holder*, 642 F.3d 1279, 1281 (10th Cir. 2011). This limitation is applicable to requests for CAT deferral relief. *See Arce-Jimenez v. Holder*, 513 F. App'x 800, 802 (10th Cir. 2013); *see, e.g.*, *Siwe v. Holder*, 742 F.3d 603, 613 (5th Cir. 2014); *Gallimore v. Holder*, 715 F.3d 687, 690 (8th Cir. 2013); *Telyatitskiy v. Holder*, 628 F.3d 628, 631 (1st Cir. 2011); *Pieschacon-Villegas v. Att'y Gen. of U.S.*, 671 F.3d 303, 309-10 (3d Cir. 2011); *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009) (per curiam); *Saintha v. Mukasey*, 516 F.3d 243, 248 (4th Cir. 2008). *But see*

*Wanjiru v. Holder*, 705 F.3d 258, 264 (7th Cir. 2013) (declining to apply the criminal-alien bar in the CAT deferral-of-removal context); *Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008) (stating that criminal-alien bar does not apply to "denials of deferral of removal under the CAT" because such denials "are always decisions on the merits").

Mr. Medrano-Olivas's only challenge to the denial of CAT relief is that "the BIA and IJ failed to consider, or even discuss, the relevant country conditions as noted in the [2012 Country Report]." Pet'r Br. at 3-4. In *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009), this court observed that "an allegation of wholesale failure to consider evidence" is reviewable as a constitutional due-process argument. We proceed, then, to consider whether Mr. Medrano-Olivas was denied due process.

"To prevail on a due process claim, an alien must establish not only error, but prejudice." *Id.* When resolving an alien's CAT claim, the IJ must consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 208.16(c)(3); *see also id.* § 208.17(a). While the IJ did not mention the 2012 Country Report in his decision, the IJ was aware of the Report, because he admitted it as an exhibit during the hearing after the government announced it had no objection. *See* R. at 59-60. Under these circumstances, we decline to equate a failure to discuss the Report with a failure to consider the Report. Indeed, an IJ is not required to discuss every piece of evidence. *See Hadjimehdigholi v. INS*, 49 F.3d 642, 648 n.2 (10th Cir. 1995); *see*

- 4 -

*also Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

Moreover, even assuming that the IJ failed to consider the Country Report, Mr. Medrano-Olivas has not shown prejudice, given that the BIA extensively discussed the Report in upholding the IJ's decision. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) (noting that where the BIA resolves an appeal in a single-member brief order and provides it own "discernible substantive discussion, . . . our review extends no further"); *see, e.g.*, *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (concluding that "even if the IJ erred by refusing to consider [alien's] exhibits, this error was rendered harmless by the Board's subsequent consideration of the exhibits in conducting its de novo review").

In short, Mr. Medrano-Olivas has not shown he was denied due process.

## CONCLUSION

The petition for review is denied.

Entered for the Court


Jerome A. Holmes
Circuit Judge
