# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-1608

VALENTIN BOYKOV,

*Petitioner*,

v.

JOHN D. ASHCROFT,

*Respondent.*

_____

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A71-468-234

_____

ARGUED JUNE 9, 2004—DECIDED SEPTEMBER 1, 2004

_____

Before FLAUM, *Chief Judge*, and BAUER and EVANS,
*Circuit Judges*.

FLAUM, *Chief Judge.* Petitioner Valentin Boykov, a
citizen of Bulgaria, petitions for review of two orders of the
Board of Immigration Appeals ("BIA"), one rescinding its
order to reopen and remand his case to an immigration
judge, and the other affirming the immigration judge's
decision denying his application for adjustment of status.
The Department of Homeland Security moves to dismiss
Boykov's petitions for lack of jurisdiction. We conclude that
we have jurisdiction to review the order of the BIA that
rescinded its remand order, and further conclude that the
BIA did not abuse its discretion in issuing that order. In

regard to Boykov's petition for review of the BIA's order denying his application for adjustment of status, we have determined that this Court has no jurisdiction and grant the Department of Homeland Security's motion on that ground.

## I.  Background

Boykov initially entered the United States on a nonimmigrant visa on June 11, 1990. Sometime thereafter, he filed an application for asylum and withholding of deportation. These applications were denied by an immigration judge, and the denials were upheld by the BIA and this Court. *See Boykov v. INS*, 109 F.3d. 413 (7th Cir. 1997). The immigration judge granted Boykov's request for voluntary departure, and Boykov departed from the United States on September 28, 1997.

On January 8, 1998, Boykov was apprehended by the Immigration and Naturalization Service ("INS")[1] shortly after he had reentered the United States from Mexico. The INS initiated removal proceedings later that month, alleging that Boykov was subject to removal for violating § 212(a)(6)(A)(i) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). Boykov again sought relief in the forms of asylum and withholding of removal. Additionally, he applied for suspension of deportation under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. 105-110, 111 Stat. 2193, 2199 (1998), and adjustment of status under § 245(i) of the INA, 8 U.S.C. § 1255(i).

---

[1] As of February 2003, the INS ceased to exist. The Bureau of Immigration and Customs Enforcement in the new U.S. Department of Homeland Security now performs the immigration enforcement function that was previously the responsibility of the INS.

An immigration judge held a hearing on Boykov's applications for relief. On September 16, 1999, the immigration judge issued a decision denying Boykov all forms of relief and ordering Boykov deported to Bulgaria. In regard to Boykov's application for adjustment of status, the immigration judge denied relief for two reasons. First, the immigration judge noted that Boykov was statutorily ineligible for adjustment of status because an immigrant visa was not immediately available to him. *See* INA § 245(i)(2)(B), 8 U.S.C. § 1255(a) (conditioning eligibility for adjustment of status on multiple prerequisites, including that the applicant demonstrate that "an immigrant visa is immediately available to him at the time his application is filed"). Secondly, the immigration judge remarked that "[e]ven if the respondent were eligible to apply for adjustment of status, the court would find that he does not merit a grant of adjustment of status in the exercise of discretion." *See id.* (committing the decision to adjust the status of an alien to the discretion of the Attorney General). Citing Boykov's repeated entries into the United States in disregard of the immigration laws of the United States, Boykov's violation of his voluntary departure order, and Boykov's repeated attempts to "litigat[e] a highly implausible asylum claim," the immigration judge wrote that these adverse factors would require the denial of Boykov's application, even if an immigrant visa had been available to Boykov.

Boykov appealed the immigration judge's decision to the BIA. While the appeal was pending, Boykov's employer submitted a labor certification petition to the INS on Boykov's behalf. On January 25, 2001, the INS approved Boykov's immigrant visa petition. Several months later, Boykov filed a motion to reopen his proceedings and remand his case to the immigration judge, citing the approval of his immigrant visa petition as grounds for remand. The INS did not respond to the motion. On November 23, 2001, the BIA ruled in favor of Boykov and remanded his case to the

immigration judge. Five days later, the INS submitted a response to Boykov's motion. The BIA refused to consider the motion because it was untimely. In December, the INS filed a motion for reconsideration with the BIA urging that, notwithstanding the INS's grant of an immigrant visa to Boykov, there was no valid basis for remanding Boykov's case. The INS argued that the visa could not cure all of the deficiencies that the immigration judge had indicated in Boykov's application for adjustment of status and that the acquisition of the visa would not impact the immigration judge's discretionary determination that Boykov was ineligible for adjustment of status. The BIA agreed with the INS and issued a February 15, 2002 order rescinding its earlier remand order. The BIA stated that a "decision on the respondent's appeal will be forthcoming." Boykov did not petition for review of this order.

On February 14, 2003, the BIA issued a final order affirming without opinion the immigration judge's September 16, 1999 decision. Boykov filed a petition for review in this Court on March 7, 2003. Boykov's petition requests that this Court vacate the BIA's denial of his motion to remand his case. Additionally, Boykov requests that this Court find him eligible as a matter of law for adjustment of status pursuant to § 245(i) of the INA and remand his case to the immigration judge for further proceedings.

## II.  Analysis

Before turning to the merits of Boykov's appeal, we must first address this Court's jurisdiction over Boykov's petition for review. This Court has jurisdiction to review an order of removal entered by the BIA if the petition for review is filed not later than 30 days after the date of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). The BIA issued its final order affirming the immigration judge's order of removal on February 14, 2003. Boykov petitioned this Court for review

on March 7, 2003; thus, Boykov's petition for review of the order of removal was timely filed under 8 U.S.C. § 1252(b)(1).

Although Boykov wishes this Court to review one of the issues implicated by the February 14, 2003 final order of deportation, he also petitions for review of the BIA's February 15, 2002 order rescinding and vacating its prior remand order ("February 15 order"). The government argues that this Court has no subject matter jurisdiction to hear Boykov's petition for review of the February 15 order because Boykov failed to file that petition within the thirty-day filing deadline imposed by 8 U.S.C. § 1252(b)(1).

While Boykov delayed for over a year before petitioning for review of the February 15 order, it does not necessarily follow that the petition is barred by the § 1252(b)(1) filing deadline. According to the text of § 1252(b)(1), the sole trigger for the § 1252(b)(1) filing deadline is the entry of an "order of removal." The February 15 order did not contain an order of removal or any other final disposition of Boykov's applications for relief. The order clarifies that the BIA had not yet addressed the merits of Boykov's case by stating that a "decision on the respondent's appeal will be forthcoming." The February 15 order was merely interlocutory. It did not implicate the § 1252(b)(1) filing deadline, and it preserved the jurisdiction of the BIA over Boykov's case.

The government mistakenly relies on *Stone v. INS*, 514 U.S. 386 (1995), for the proposition that a petitioner must file separate petitions for review for every BIA order that will be eventually be consolidated on appeal to the appropriate circuit court of appeals. In *Stone*, the BIA issued a final order of deportation on July 1991; the petitioner filed a "Motion to Reopen and/or Reconsider" with the BIA in August 1991; the BIA denied that motion in February 1993. *See id.* at 389. In March 1993, Stone petitioned for judicial review in the U.S. Court of Appeals for the Sixth Circuit

seeking review of both the July 1991 deportation order and the February 1993 order denying reconsideration. *See id.* The Supreme Court held that Stone's timely filing of his August 1991 motion to reconsider with the BIA did not toll the 90-day filing period for judicial review of the July 1991 final order of deportation. *Id.* at 394. Reasoning that Congress intended to "expedite both the initiation and the completion of the judicial review" of orders of deportation, the *Stone* Court concluded that to stay the running of the statutory period for review of a deportation order during the pendency of a motion for reconsideration before the BIA would be "at odds with the congressional purpose." *Id.* at 400.

Unlike Stone, Boykov did not delay filing a petition for review in this Court after the BIA issued its final order of deportation, and for that reason, the *Stone* rule has no relevance to Boykov's case. It is not problematic that Boykov filed a petition for review of the February 15 order after the BIA issued its final order of deportation, because the February 15 order was not ripe for review until the BIA issued the final order of deportation. Indeed, until the BIA affirmed the immigration judge's order of deportation, it was unclear whether the February 15 order would remain in question: had the BIA reversed the immigration judge's deportation order and remanded for further proceedings, the issues presented by the February 15 order would have been rendered moot. Now that the BIA has issued a final order of deportation, the February 15 order is properly before this Court.

We now turn to the merits of Boykov's petition for review of the February 15 order. This Court reviews the BIA's denial of a motion to remand for abuse of discretion. *Pop v. INS*, 279 F.3d 457, 460 (7th Cir. 2001). Under this standard, the Board's decision will "be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis

such as invidious discrimination against a particular race or group." *Mansour v. INS*, 230 F.3d 902, 907 (7th Cir. 2000).

The BIA initially granted Boykov's motion to reopen and remand his case because Boykov had received an immigrant visa and had therefore become prima facie eligible for adjustment of status under § 245(i) of the INA, 8 U.S.C. § 1255(i). Perhaps because the INS had not yet responded to Boykov's motion, the BIA assumed that Boykov's prima facie eligibility would change the immigration judge's analysis of Boykov's application for adjustment of status. However, when the BIA received the INS's motion for reconsideration, it was persuaded that the remand would be futile because the immigration judge was likely to deny Boykov relief in the exercise of its discretion, regardless of Boykov's newfound eligibility for relief. Indeed, in his order denying Boykov's application for adjustment of status, the immigration judge remarked that "[e]ven if the respondent were eligible to apply for adjustment of status, the court would find that he does not merit a grant of adjustment of status in the exercise of discretion." The immigration judge seized upon the following factors adverse to Boykov's application: Boykov had entered the country with a preconceived intention to remain until his resident worker status was approved and an immigrant visa was available; Boykov had violated his voluntary departure order; Boykov had litigated a "frivolous petition for habeas corpus" following the entry of the voluntary departure order; and Boykov had advanced a "highly implausible asylum claim." In light of the immigration judge's finding that Boykov would not merit an adjustment of status even if he had access to an immigration visa, the BIA concluded that the remand on the basis of Boykov's immigrant visa was inappropriate.

Boykov argues that the BIA's decision to rescind the remand order was an abuse of the BIA's discretion. In Boykov's view, the February 15 order does not adequately reweigh the factors relied upon by the immigration judge in his

adverse discretionary finding. First, Boykov contends that, had the BIA engaged in a more thorough analysis, it might have found that the immigration judge erred in concluding that he had violated his voluntary departure order. Boykov argues that he complied with that order by voluntarily departing to Bulgaria; he argues that his reentry to the United States three months thereafter is not relevant to the issue of whether he complied with the order. Second, Boykov urges that the February 15 order does not give sufficient weight to his newly approved visa petition.

We conclude that the BIA did not abuse its discretion in rescinding its remand order. While the February 15 order does not contain a particularly lengthy analysis in support of the BIA's decision, the order does provide a rational basis for the BIA's rescission of the remand order: Boykov's statutory eligibility for adjustment of status surmounted only one of two deficiencies in his application cited by the immigration judge. In its February 15 order, the BIA did not need to address Boykov's challenges to the merits of the immigration judge's adverse discretionary finding, as it reserved its commentary on the merits of Boykov's appeal until a later date. Thus, we uphold the order as a proper exercise of the BIA's discretion.

Lastly, we turn to Boykov's petition for review of the BIA's February 14, 2003 order affirming the immigration judge's denial of his application for adjustment of status under § 245 of the INA, 8 U.S.C. § 1255. The government contends that § 242(a)(2)(B)(i) of the INA, 8 U.S.C. § 1252(a)(2)(B)(i) deprives this Court of jurisdiction to review the BIA's final determination. That section provides that:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(i). Section 1252(a)(2)(B)(i) precludes our review of discretionary decisions to deny relief under § 1255. *Iddir v. INS*, 301 F.3d 492, 497 (7th Cir. 2002). The immigration judge denied Boykov relief under § 1255 on both discretionary and statutory eligibility grounds. However, because the BIA acknowledged in its February 15 order that Boykov had gained statutory eligibility for adjustment of status, the BIA's denial of Boykov's application for adjustment of status must have been solely on the basis of the immigration judge's discretionary finding. Therefore, because Boykov is seeking review of a discretionary determination under § 1255, we are precluded by 8 U.S.C. § 1252(a)(2)(B)(i) from exercising jurisdiction over his petition.

## III.  Conclusion

For the foregoing reasons, the petition for review of the order of the BIA rescinding its order to reopen and remand Boykov's case is DENIED, and the petition for review of the order of the BIA denying Boykov's application for adjustment of status is DISMISSED for lack of jurisdiction.

A true Copy:

     Teste:

                  _____
                  *Clerk of the United States Court of Appeals for the Seventh Circuit*