# United States Court of Appeals
## For the First Circuit

No. 13-2186

JOSE MANUEL JAQUEZ,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Randy Olen on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Office of Immigration Litigation, Corey L. Farrell, Office of Immigration Litigation, Civil Division, on brief for respondent.

July 15, 2014

**LYNCH**, **Chief Judge**.  Jose Manuel Jaquez seeks review of a decision denying his application for adjustment of immigration status and ordering him removed to the Dominican Republic.  The Immigration Judge ("IJ") denied his request for relief on discretionary grounds, and the Board of Immigration Appeals ("BIA") dismissed his appeal, finding that the IJ's decision was amply supported in the extensive record and that the IJ had fully considered any offsetting favorable factors.  Jaquez does not raise a colorable legal question or constitutional claim in his petition for review.  We do not have jurisdiction over the petition, 8 U.S.C. § 1252(a)(2)(D), and so we dismiss it.

On December 26, 2012, the IJ denied petitioner's application for adjustment of status, on the basis of numerous Child Abuse/Neglect reports from the Massachusetts Department of Children and Family ("DCF"), as well as a criminal charge, that detailed a fairly extensive history of petitioner's emotionally and physically abusive behavior towards his daughter.  The daughter also testified during the hearing.

Relying on this evidence, and taking note of various inconsistencies between the reports and the live testimony, the IJ concluded that petitioner "admi[tted] to DCF investigators that he did in fact have physical contact with his daughter in anger, and was emotionally abusive to her."  The IJ noted there was no excuse for the physical and emotional abuse inflicted, and that petitioner

had not taken responsibility. She denied petitioner's application for adjustment of status.

Petitioner timely appealed to the BIA, and on August 28, 2013, the Board dismissed his appeal. The BIA "agree[d] that the reasons identified by the Immigration Judge sufficiently support her decision to deny [Jaquez]'s application in her discretion." This petition for review followed.

As a general matter, this court lacks jurisdiction to review the agency's discretionary denial of petitioner's application for adjustment of his immigration status. 8 U.S.C. § 1252(a)(2)(B); see DaCosta v. Gonzales, 449 F.3d 45, 49 (1st Cir. 2006). There is one exception to this general rule: we do retain appellate jurisdiction where the petition raises claims premised on constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). Such claims of error must at least be "colorable." Elysee v. Gonzales, 437 F.3d 221, 223 (1st Cir. 2006). The parties do not dispute that the IJ and BIA decisions in this case fall within the INA's general jurisdiction-stripping provision; however, petitioner argues that "[t]he Agency's erroneous factfinding" is itself an error of law. He is incorrect.

In spite of his attempts to label them otherwise, petitioner's arguments are all objections to the manner in which the agency evaluated and weighed the evidence in the record. Simply describing these factual arguments as a claim that the

-3-

agency committed an error of law is insufficient to confer jurisdiction. <u>See</u> <u>Ayeni</u> v. <u>Holder</u>, 617 F.3d 67, 70-71 (1st Cir. 2010) ("The presence vel non of either a constitutional or legal question is a matter of substance, not a function of labeling."). The Agency denied petitioner's application for adjustment of status in the exercise of its discretion and on the basis of its review of the record; petitioner presents to us no legal argument to undermine that result.

The petition for review is <u>dismissed</u> for lack of jurisdiction.