# United States Court of Appeals
## For the First Circuit

No. 13-1917

MARWAN MELE, a/k/a MARWAN AL MELE,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

Raja H. Wakim on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Linda S. Wernery, Assistant Director, and Christina Parascandola, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, on brief for respondent.

August 19, 2015

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as respondent.

**HOWARD**, **Chief Judge**.  Petitioner Marwan Mele seeks review of a Board of Immigration Appeals decision dismissing his application for adjustment of status and ordering him removed. Because we lack jurisdiction over that discretionary decision, we dismiss the petition for review.

## I.

Mele was born in Jordan in 1962.  In May of 1992, he was admitted to the United States on a non-immigrant visa, which authorized him to stay in the country for sixty days.  Mele did not comply with that limitation and he has remained in the United States since 1992.  Immigration authorities initiated removal proceedings in September 1993.  In April 1994, Mele applied for asylum, claiming that his Kurdish ethnicity and support for the United States during the 1991 Gulf War would subject him to persecution in Jordan.  When Mele failed to appear at a hearing to consider the merits of his asylum claim, an Immigration Judge ordered him deported in absentia.

Mele married a United States citizen in August 2002. His wife subsequently filed a Form I-130 petition on Mele's behalf for an immigrant visa, available to the spouse of a United States citizen.  See 8 U.S.C. § 1151(a)(2)(A)(i).  For reasons not explained in the record, the U.S. Citizenship and Immigration Services did not grant the I-130 petition until November 2009. While the petition was pending, Mele filed a motion to reopen his

immigration proceedings, which the Immigration Judge granted. Mele informed the judge that he would be seeking an adjustment of status based on his marriage and, over the next four years, the court granted several continuances while the I-130 petition remained pending. In November 2009, after the I-130 petition was granted, the proceedings were continued yet again to allow Mele sufficient time to prepare an application for adjustment of status. On October 21, 2010, and during that continuance, Mele was arrested in New Bedford, Massachusetts, on six counts related to the illegal sale of prescription drugs. After several more requests, the judge eventually agreed to continue the proceedings in light of Mele's pending criminal case.

A hearing finally took place on Mele's application for adjustment of status on September 2, 2011. Mele testified about his work history and his marriage, and his wife described their family life, how Mele supported the family financially, and how he helped her deal with certain medical issues. The police report detailing Mele's October 2010 arrest was also introduced into the record and the government explored the details of Mele's arrest on cross-examination. Mele denied that he had committed a crime.

At the conclusion of the hearing, the Immigration Judge rendered an oral decision. The judge found Mele statutorily eligible for an adjustment of status, but noted that "the granting of an application for adjustment of status is discretionary." The

judge listed various positive factors that weighed in Mele's favor, but found those considerations outweighed by the facts contained in the police report about his arrest. The judge did acknowledge that he had "no information as to whether or not [Mele] will ultimately be convicted," but nevertheless "decline[d] to exercise discretion favorably" and denied Mele's application.

Mele appealed to the Board of Immigration Appeals challenging, as relevant here, the denial of his application for adjustment of status. The Board dismissed the appeal, agreeing with the Immigration Judge that the circumstances underlying Mele's pending criminal charges outweighed the evidence favorable to him. This timely appeal followed.

## II.

Before considering the merits of Mele's application for adjustment of status, we must confirm that we have jurisdiction. See Lopez v. Holder, 740 F.3d 207, 210 (1st Cir. 2014). We conclude that we do not.

Mele sought an adjustment of status pursuant to 8 U.S.C. § 1255(a), which allows the Attorney General to adjust an alien's status to that of a lawful permanent resident. That decision is committed to the Attorney General "in his discretion." 8 U.S.C. § 1255(a). And Congress has heavily circumscribed federal courts' jurisdiction over such discretionary decisions. As relevant here, section 1252 of the Immigration and Nationality Act provides that

"no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 . . . ."  8 U.S.C. § 1252(a)(2)(B)(i).

On the basis of this plain language, we have previously held that we lack jurisdiction to review the purely discretionary decisions made under the other statutory sections identified in § 1252(a)(2)(B)(i).  See, e.g., Hasan v. Holder, 673 F.3d 26, 32-33 (1st Cir. 2012) (lack of jurisdiction to review a petitioner's application for cancelation of removal under 8 U.S.C. § 1229b).  Although we have not previously specified section 1255, we view the discretionary decision whether to grant an application for adjustment of status under that section no differently.  See Jaquez v. Holder, 758 F.3d 434, 435 (1st Cir. 2014); accord, e.g., Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006); Boykov v. Ashcroft, 383 F.3d 526, 531 (7th Cir. 2004).

Mele essentially disagrees with the weight that the agency attached to certain evidence, arguing that the agency should have afforded greater weight to Mele's and his wife's testimony and less weight to the police report and the circumstances surrounding his arrest.  But where Congress has enacted a jurisdictional wall, an alien cannot scale it simply by "relitigat[ing] whether the factors relevant to [the] discretionary relief were appropriately weighed by the IJ and the BIA."  Urizar-Carrascoza v. Holder, 727 F.3d 27, 32 (1st Cir.

- 5 -

2013).  Those purely discretionary decisions "fall beyond the review of the appellate courts."  Ortega v. Holder, 736 F.3d 637, 640 (1st Cir. 2013).

We of course retain jurisdiction to decide colorable "constitutional claims or questions of law" embedded within a petition for review of an alien's application for an adjustment of status.  8 U.S.C. § 1252(a)(2)(D); see Ramirez-Matias v. Holder, 778 F.3d 322, 326 (1st Cir. 2015).  Mele's only argument that even hints of a constitutional or legal challenge, however, is his claim that the police report contained hearsay and that its use was fundamentally "unfair."

We have previously held that an immigration court may generally consider a police report containing hearsay when making a discretionary immigration decision, even if an arrest did not result in a charge or conviction, because the report casts probative light on an alien's character.  See Henry v. I.N.S., 74 F.3d 1, 6 (1st Cir. 1996); see also Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015).  Yet, even if we were willing to charitably read Mele's argument as an attempt to raise a colorable constitutional claim or question of law, his own brief refutes that characterization.  His only specific arguments for why the police report's use was unfair simply fall back on his complaints that the report was "one-sided" and that the Immigration Judge inappropriately "chose to ignore the Respondent's testimony and

- 6 -

accept the allegations mentioned in the police report as true." These arguments are merely poorly-disguised attempts to urge us to review the very discretionary decision that § 1252 places beyond our purview. The Immigration Judge here considered the testimony that Mele offered and acknowledged that some "favorable discretionary factors" existed, but nevertheless decided to deny relief on the basis of the circumstances surrounding the serious criminal charges pending against him. We lack jurisdiction to review that discretionary decision.[1]

## III.

For the foregoing reasons, we **dismiss** Mele's petition for lack of jurisdiction.

---

[1] At certain points in his brief, Mele seems to imply that the Immigration Judge found him ineligible for an adjustment of status because of his pending criminal charges. Not so. The Immigration Judge plainly found Mele statutorily eligible for an adjustment, but nevertheless denied an adjustment in his discretion. Similarly, Mele's claims that his application "would have been granted" had the IJ continued his proceedings to await the result of his criminal proceedings misconstrues the IJ's and the BIA's use of the police report. Although Mele presented the BIA with no information regarding the status of his criminal proceedings (which had been pending for over two years by that time), a police report may generally be considered in immigration proceedings even if an arrest does not result in a conviction. See, e.g., Arias-Minaya, 779 F.3d at 54.