Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-1573

BRONNY ALEXANDER VILLAR,

Petitioner,

v.

LORETTA E. LYNCH,
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Lipez, and Thompson,

Circuit Judges.

Paul M. Glickman and Glickman Turley LLP on brief for petitioner.

Benjamin C. Mizer, Principal Deputy, Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Assistant Director, Office of Immigration Litigation, Civil Division, U.S. Department of Justice; and Anthony P. Nicastro, Senior Litigation Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on brief for respondent.

September 6, 2016

**LIPEZ**, **Circuit Judge.** Petitioner Bronny Alexander Villar seeks relief from a ruling by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision that denied Villar's application for adjustment of status and ordered him removed from the United States. We lack jurisdiction to consider Villar's request for relief, however, because the agency's decision was discretionary. See, e.g., Mele v. Lynch, 798 F.3d 30, 31-32 (1st Cir. 2015). Hence, we must dismiss his petition for review.

We recount the salient facts. Villar is a native and citizen of the Dominican Republic who entered the United States in October 2006 as a non-immigrant visitor authorized to remain in the country through March 31, 2007. Shortly before that period expired, Villar applied to adjust his status to that of a lawful permanent resident based on his marriage to a United States citizen. His application was denied. In 2009, the Department of Homeland Security began removal proceedings against him.

Within the removal proceedings, Villar again filed an application for adjustment of status. The IJ determined that Villar was eligible, see 8 U.S.C. § 1255(a), but ultimately concluded that the equities weighed against the grant of such discretionary relief. The IJ found that the favorable factors -- including his marriage to an American citizen, three U.S. citizen children, his payment of taxes, and his filing of tax returns --

- 2 -

were outweighed by Villar's purchase and use of a phony birth certificate to obtain a driver's license and his extended use of that false identity. The IJ described this conduct as "extraordinar[il]y serious." The BIA, weighing de novo the same adverse and positive factors, affirmed the IJ's ruling and dismissed Villar's appeal.[1]

In his brief to us, Villar claims that "[t]he IJ and BIA committed an error of law by creating and adopting[] a new standard of 'extraordinarily serious'" acts to deny him adjustment of status, instead of examining whether his conduct fit a category specified by statute and defined in case law, such as "a particularly serious crime." 8 U.S.C. § 1158(b)(2)(A)(ii). This contention, however, is plainly an attempt to frame the agency decision as a legal judgment -- rather than a discretionary, fact-based one -- to avoid the strict limits on our jurisdiction to review discretionary immigration decisions. See Mele, 798 F.3d at 32. Notably, we "retain jurisdiction to decide colorable

---

[1] The BIA stated:

> The respondent used the fraudulent birth certificate to obtain a driver's license and assumed the identity on the birth certificate, Luigi Alvarado, as his own for numerous years. The seriousness of the respondent's actions was further aggravated when he was arrested and presented himself to police officers as Luigi Alvarado.

BIA Op. at 2 (citation omitted).

'constitutional claims or <u>questions of law</u>' embedded within a petition for review of an alien's application for an adjustment of status." <u>Id.</u> (emphasis added) (quoting 8 U.S.C. § 1252(a)(2)(D)).

We readily conclude, however, that Villar's effort to identify an issue of law falls short. The presence of a legal question is "a matter of substance, not a function of labeling." <u>Ayeni</u> v. <u>Holder</u>, 617 F.3d 67, 71 (1st Cir. 2010). We have previously said that "[s]imply describing . . . factual arguments as a claim that the agency committed an error of law is insufficient to confer jurisdiction." <u>Jaquez</u> v. <u>Holder</u>, 758 F.3d 434, 435 (1st Cir. 2014). This is exactly what Villar has done. His claim that the IJ created and applied a new, incorrect legal standard is an attempt to cloak a disagreement with the IJ's weighing of the facts in the guise of a question of law. As described above, the IJ and BIA concluded, in their discretion and as a factual matter, that the positive equities of Villar's case

were outweighed by his creation and use of a false identity.[2]  We do not have jurisdiction to review that discretionary judgment.[3]

Accordingly, we dismiss Villar's petition.  <u>So ordered.</u>

---

[2] The IJ explicitly described her decision as discretionary: "Although the Court finds the respondent to be statutorily eligible for adjustment of status, the Court denies the application <u>in the exercise of its discretion</u>." (Emphasis added.)  The BIA "agree[d] with the Immigration Judge's determination that negative factors exist in this case warranting denial of the respondent's application for adjustment of status <u>as a matter of discretion</u>." (Emphasis added.)

[3] Because Villar did not raise his claim of legal error in his appeal to the BIA, we also could dismiss his petition for failure to exhaust his administrative remedies. <u>See</u>, <u>e.g.</u>, <u>Pérez Batres</u> v. <u>Lynch</u>, 796 F.3d 157, 159-60 (1st Cir. 2015) (explaining that we lack jurisdiction to review claims "not advanced before the BIA" (quoting <u>Makhoul</u> v. <u>Ashcroft</u>, 387 F.3d 75, 80 (1st Cir. 2004))).