# United States Court of Appeals
## For the First Circuit

Nos. 24-1957, 25-1186

LUZ STELLA BUCKLEY,

Petitioner,

v.

TODD BLANCHE,[*] Acting Attorney General,

Respondent.

PETITIONS FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Montecalvo, Howard, and Aframe,
Circuit Judges.

Stephen McCall Born, with whom Mills and Born, were on brief, for petitioner.

Allison Frayer, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, with whom Brett Shumate, Assistant Attorney General, Civil Division, and Sarah Byrd, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, were on brief, for respondent.

May 29, 2026

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela J. Bondi as Respondent.

**AFRAME**, **Circuit Judge**.  Colombian citizen Luz Stella Buckley brings two petitions for review of adverse decisions by the Board of Immigration Appeals ("BIA").  In the first, Buckley challenges the BIA's dismissal of her appeal from an immigration judge's ("IJ") order denying her application for adjustment of status.  We reject this petition primarily because Buckley did not file a timely brief with the BIA.

In the second petition, Buckley challenges the BIA's denial of her motion to reopen her appeal based on her counsel's ineffective assistance for failing to file a brief.  We grant this petition because the BIA abused its discretion in denying the motion to reopen.  The BIA provided no explanation for its conclusion that Buckley failed to satisfy the procedural requirements for reopening an appeal based on ineffective assistance of counsel.  And because the BIA overlooked Buckley's strong argument for vacating the IJ's order denying adjustment of status, there is a reasonable probability that Buckley was prejudiced by her counsel's ineffectiveness.

**I.**

In April 2019, the Department of Homeland Security ("DHS") initiated removal proceedings against Buckley for overstaying a visa that expired in 2005.  In December 2021, Buckley conceded removability but indicated that she would seek adjustment of status based on a family-based visa petition filed by her adult

- 2 -

son.  In November 2022, after the DHS approved the petition, an IJ heard evidence on Buckley's adjustment-of-status application. Buckley was the only witness and testified as follows.

Buckley came to the United States from Colombia in October 1989.  Her name then was Luz Estella Giraldo.  She moved to Tennessee with her first husband who came first as a student before obtaining a work permit.[1]  While in the United States, Buckley gave birth to two children and took care of them full time. In 1991, Buckley was charged in Knoxville, Tennessee, with shoplifting based on allegations that she took two items worth $104 from a Hess's department store.  Buckley described the incident as a "misunderstanding."  A Tennessee court dismissed the charge.

In 1995, when her first husband had finished his work in the United States, Buckley and her family returned to Colombia. After that, Buckley returned to the United States multiple times on tourist visas.  In 2005, she overstayed her most recent tourist visa.

In 2009, while living in Waltham, Massachusetts, Buckley was arrested for assault and battery and assault and battery with

---

[1]     For unexplained reasons, Buckley's adjustment-of-status application does not identify this first marriage even though she testified about it and her subsequent divorce.  In 2011, Buckley married her present husband, Christopher Francis Buckley, who was born in Kittery, Maine.

a dangerous weapon.  These charges arose after Buckley found marijuana in her then-sixteen-year-old daughter's backpack. Buckley became "nervous" and "angry" and then questioned her daughter about the marijuana.  In response, her daughter became "very rude," which led Buckley to strike her daughter with the non-metal end of a dog leash.

After the incident, Buckley allowed her daughter to go to her father's (Buckley's first husband's) house.  At the time, Buckley and her first husband were going through a divorce.  The daughter told her father about the incident, and he reported it to the police, which resulted in Buckley's arrest.  After Buckley was placed on pre-trial probation, the court dismissed the charges against her.  Buckley's daughter continued to live with Buckley after this incident, and Buckley was never contacted about the incident by her daughter's school or the Massachusetts Department of Children and Families.  The dismissed cases from Tennessee and Massachusetts were Buckley's only exposures to the criminal justice system in the United States or elsewhere.

Buckley's second husband and two children, who are all United States citizens, are Buckley's only family in the United States.  Buckley presently lives in Somerville, Massachusetts, and works for a laboratory that makes insulin for hospitals and clinics.

The IJ did not ask Buckley any substantive questions during her testimony. At the hearing's conclusion, the IJ said that she would later issue a written decision, which she did in December 2022. In that decision, the IJ assumed that Buckley was credible and that she presented reasonably available documentation to support her testimony. Nevertheless, the IJ denied Buckley's application for adjustment of status, finding that, while Buckley was eligible for adjustment of status because of the approved family-based visa petition, she had failed to show that she was worthy of a favorable exercise of discretion.

In reaching this conclusion, the IJ acknowledged Buckley's "long-term presence in the United States and close family ties." The IJ nevertheless concluded that Buckley's application failed because of her "serious criminal acts." To support this finding, the IJ stated: Buckley was "not very forthcoming with details as to why she struck her daughter with a dog leash, other than to say it was to discipline her for her using marijuana;" "expressed no remorse" and "minimized [her] conduct;" did not explain "what . . . she had learned from her engagement with the criminal trial system;" and failed to promise that she would not again "abuse her child or anyone else." Additionally, the IJ criticized Buckley for failing to provide more details about the dismissed 1991 Tennessee shoplifting charge.

Based on this analysis, the IJ concluded that, even though "the criminal incidents are far in the past . . . the lack of any remorse and the fact that there were two criminal incidents does not compel a conclusion that [Buckley] will refrain from future criminal acts." On these grounds, the IJ concluded that, while the case was "close," Buckley was not entitled to adjustment of status.

Buckley's attorney timely noticed an appeal of the IJ's order with the BIA. The notice stated that the IJ had "abused her discretion in denying [Buckley's] application for adjustment of status on discretionary grounds without any balancing of positive and negative equities." The notice further stated that counsel "intend[ed] to file a separate written brief or statement."

Buckley's counsel failed to file the promised brief with the BIA. When counsel recognized his error about a month after the briefing deadline, he moved the BIA to accept a late-filed brief. That motion stated that: (1) the brief was being filed contemporaneously with the motion; (2) the late filing resulted from counsel inadvertently failing to calendar the due date; and (3) the IJ's ruling was unfair because, inter alia, Buckley was never asked whether she had remorse for the past incidents or what lessons she had learned from them. Several months later, the BIA denied the motion without explanation. It did so even though the brief made several substantive arguments, including that the IJ

violated her obligation to ensure that the record was fully developed on the points that were central to the IJ's basis for denying Buckley's application. The order indicated that the BIA was returning the brief to Buckley's counsel.

In September 2024, about six weeks after denying Buckley's motion to accept the late-filed brief, the BIA dismissed Buckley's appeal on the merits. The BIA rejected the argument raised in Buckley's notice of appeal. It concluded that Buckley did not "meaningfully address what equities or favorable factors she believes were not considered" in the IJ's "discretionary analysis."

Approximately three months after the BIA's decision, Buckley moved to reopen her BIA appeal, arguing that her counsel's failure to file a timely brief amounted to ineffective assistance of counsel. In her motion, Buckley stated that she had complied with the BIA's Lozada requirements (detailed further below) for seeking to reopen based on ineffective assistance of counsel. See Matter of Lozada, 19 I. & N. Dec. 637 (BIA), aff'd Lozada v. INS, 857 F.2d 10 (1st Cir. 1988). She also summarized the arguments for vacating the IJ's order that appeared in her untimely brief, including that the IJ had "failed to develop the record as required." Buckley asserted that if the BIA had accepted her brief, the BIA may have ruled differently on her appeal.

In due course, the BIA denied Buckley's motion to reopen. It premised that ruling on three grounds: Buckley (1) had failed to substantially comply with the Lozada requirements, (2) did not identify any material issue that should have been raised on appeal, and (3) did not submit the brief she would have filed if these proceedings were reopened as an attachment to her motion to reopen.

Buckley timely petitioned this Court for review of the BIA's dismissal of her adjustment-of-status appeal and the denial of her motion to reopen the appeal. We will consider these petitions separately.

## II.

### A.

We address first Buckley's petition contesting the dismissal of her adjustment-of-status appeal. As already noted, because the BIA did not accept Buckley's brief, Buckley effectively made only one argument to the BIA: She claimed in one sentence of her notice of appeal that the IJ had abused her discretion by not adequately balancing the positive and negative equities when denying adjustment of status. Buckley's brief in this Court presents other challenges to the IJ's ruling, but we may not consider those challenges because they were not raised before the BIA. See Maurice v. Bondi, 154 F.4th 15, 20 (1st Cir. 2025); Thomas v. Garland, 25 F.4th 50, 54 n.2 (1st Cir. 2022).

We lack jurisdiction to entertain Buckley's one-sentence argument challenging the IJ's ruling. The adjustment-of-status decision is committed to the Attorney General's discretion. <u>Mele</u> v. <u>Lynch</u>, 798 F.3d 30, 32 (1st Cir. 2015). The Immigration and Nationality Act specifically provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" the adjustment-of-status section. 8 U.S.C. § 1252(a)(2)(B)(i). Thus, the Attorney General's exercise of discretion to deny adjustment of status is unreviewable in this Court. <u>Mele</u>, 798 F.3d at 32. True, we may entertain constitutional claims or questions of law embedded within a petition for review challenging the denial of an adjustment-of-status application. <u>Id.</u> But Buckley did not identify to the BIA any legal error committed by the IJ. Nor did she argue that the BIA committed a separate legal error in the adjudication of her appeal.

Buckley's single exhausted claim is the kind of discretionary decision that we may not review because it challenges the IJ's weighing of considerations in denying adjustment of status. <u>See</u> <u>Yamoah</u> v. <u>Lynch</u>, 641 Fed. App'x. 12, 17 (1st Cir. 2016) (stating that the weight assigned by the IJ and later the BIA to the facts presented in denying adjustment of status is unreviewable). Because Buckley's only exhausted claim seeks review of a discretionary determination over which we lack

jurisdiction, we deny Buckley's petition challenging the BIA's dismissal of her appeal.

## B.

We turn now to the petition challenging the BIA's denial of the motion to reopen. As explained above, Buckley's failure to file a timely brief with the BIA substantially limited the scope of her BIA appeal and, by extension, her later petition to this Court, which we have just rejected.[2] After the BIA rejected Buckley's appeal, she moved to reopen the appeal by alleging that her counsel was ineffective for failing to file a timely brief. The BIA rejected that motion. Under the applicable abuse-of-discretion standard, we will grant relief from the BIA's denial of a motion to reopen only if the BIA misinterprets the law or acts arbitrarily or capriciously. Asaba v. Ashcroft, 377 F.3d 9, 11 (1st Cir. 2004).

As mentioned above, the BIA denied Buckley's motion to reopen for three reasons: (1) failure to comply with the Lozada requirements; (2) failure to establish that her counsel's ineffectiveness caused her prejudice; and (3) failure to provide

---

[2] Buckley did not argue in her opening brief to us that the BIA abused its discretion in denying her motion to submit a late-filed brief. Thus, that argument is waived. See Hodzic v. Bondi, 171 F.4th 44, 50 (1st Cir. 2026).

the BIA with a copy of her brief when filing her motion to reopen. None of these reasons withstands abuse-of-discretion scrutiny.

In Matter of Lozada, the BIA "erected a framework for the adjudication of ineffective assistance of counsel claims[,] . . . which we have approved . . . ." Beltre-Veloz v. Mukasey, 533 F.3d 7, 10 (1st Cir. 2008). The purpose of the framework is to "screen out frivolous, stale, and collusive claims." Id.

Under the framework, the noncitizen must provide an affidavit setting forth in reasonable detail the nature and scope of the work that counsel undertook; an account of counsel's error; proof that counsel was informed of the allegations and that there was an opportunity to respond; and evidence that the noncitizen filed a complaint with the appropriate disciplinary authority or possesses a legitimate excuse for not doing so. Betouche v. Ashcroft, 357 F.3d 147, 149-51 (1st Cir. 2004).

Buckley filed an affidavit attached to the motion to reopen that appears to cover much of this ground. The affidavit states that Buckley hired the firm Mills and Born to represent her in the adjustment-of-status proceeding; that the IJ's ruling went against her; and that the firm recommended an appeal to the BIA. The affidavit further explains that Buckley's attorney, Robert Huntington, did not file a timely appeal because of neglect and that the BIA denied the motion to accept a late-filed brief.

- 11 -

Buckley also attached to her motion a complaint that she filed against Attorney Huntington with the Office of Bar Counsel for the Massachusetts Board of Bar Overseers. Her complaint states that her counsel "missed the deadline for filing [her] appeal" such that "[the BIA] did not accept the late-filed brief."

The BIA's order denying Buckley's request to reopen states that "there has not been substantial compliance" with the Lozada requirements. But the BIA provided no further explanation for this conclusion. For us to conduct a meaningful review of a BIA order, even for an abuse of discretion, "we must be able to discern why the agency made the decision that it did." López-Gómez v. Bondi, 154 F.4th 1, 4 (1st Cir. 2025). We do not require the BIA to provide an exhaustive explanation "where the logical underpinnings are clear from the record . . . ." Id. (quoting Rivera-Medrano v. Garland, 47 F.4th 29, 39 (1st Cir. 2022)). If, however, the BIA's explanation is too meager to permit us to evaluate its position, "we may find an abuse of discretion . . . ." Id. That is the situation here. For all that appears from the record, Buckley substantially complied with the Lozada requirements. If she failed in some meaningful way, it is unclear to us how she did so.[3]

---

[3] Buckley has been represented by the same firm throughout the proceedings before the IJ, the BIA, and in this Court. In Punzalan v. Holder, we noted that the BIA may be "rightfully . . . skeptical" when a law firm assists a petitioner

- 12 -

The government says that the BIA identified Buckley's Lozada failing in a footnote to its order. In the footnote referenced by the government, the BIA noted that, in her Lozada affidavit, Buckley incorrectly described her lawyer's failure as the failure "to timely file her appeal," rather than the lawyer's failure to timely file her appeal brief.

This footnote does not explain the Lozada ruling. The footnote appears before the section of the BIA's order where the BIA states that Buckley failed to substantially comply with Lozada. Thus, the footnote appears to be a mere factual observation and not the basis for the BIA's Lozada conclusion. Absent a clearer explanation from the BIA, we cannot say that Buckley's assertion that her attorney failed to file her appeal rather than her appeal brief was why the BIA thought she did not meet the Lozada requirements. The record before the BIA showed that Buckley had filed a notice of appeal but not a timely brief. We doubt, absent a clearer indication, that the BIA would deny an otherwise eligible person relief because that person used a slightly inaccurate nomenclature to describe the procedural posture of her case,

_____

in accusing itself of ineffective assistance of counsel, because it has "divided and conflicting interests." 575 F.3d 107, 112 (1st Cir. 2009). But the BIA did not rely on this ground in determining that Buckley did not comply with Lozada. Moreover, this case is different from Punzalan insofar as Attorney Huntington admitted his neglect in an affidavit accompanying the motion to accept the late-filed brief.

- 13 -

especially where the record before the BIA easily resolves any lingering ambiguity.

The BIA's lack-of-prejudice basis for denying the motion to reopen fares no better. Some courts have held that where a lawyer fails to file a brief in an immigration proceeding, prejudice is presumed. E.g., Dearinger ex rel. Volkova v. Reno, 232 F.3d 1042 (9th Cir. 2000). We have not taken that route. See Franco-Ardon v. Barr, 922 F.3d 23, 25 (1st Cir. 2019); Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001). Under our precedent, a lawyer's failure to file a brief will not warrant relief unless there is a "'reasonable probability' that the result would have been different if counsel" had filed a brief with the BIA. Hernandez, 238 F.3d at 56. When it comes to ineffective assistance of counsel claims, "[o]ur concern in the immigration context is . . . preserving a fair opportunity" for the noncitizen's claims to be considered and adjudicated. Id. at 57.

In any event, this case involves a potentially substantial flaw in the proceedings before the IJ that could have been rectified by Buckley's counsel having filed a timely brief before the BIA. The IJ based her order denying adjustment of status on several findings for which the hearing record contains no factual predicate. Regarding the charge involving Buckley's daughter, the IJ faulted Buckley for not providing evidence of having completed counseling, not showing remorse, not explaining

- 14 -

what she learned from her engagement with the criminal justice system, and not giving assurances that she would abstain from any future abuse toward her child or anyone else. And for the 1991 shoplifting incident, the IJ criticized Buckley for giving "little to no explanation surrounding her arrest." But none of these topics was broached during Buckley's hearing. Nevertheless, these unexplored subjects became the basis for the IJ's key adverse conclusion that while Buckley's "criminal incidents are far in the past . . . the lack of any remorse and the fact that there were two criminal incidents does not compel a conclusion that [Buckley] will refrain from future criminal acts."

We have noted that "it is an IJ's statutory duty to assist in developing a sufficient record at the merits hearing[,]" and that "[t]his statutory duty should be fulfilled in every case regardless of whether the petitioner is pro se." Varela-Chavarria v. Garland, 86 F.4th 443, 452 n.6 (1st Cir. 2023). We drew these conclusions from the IJ's statutory obligation to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses." Id. (quoting 8 U.S.C. § 1229a(b)(1)). These obligations distinguish an IJ from an Article III judge insofar as they impose this record-building responsibility. Mekhoukh v. Ashcroft, 358 F.3d 118, 129 n.14 (1st Cir. 2004). Thus, our precedent required the IJ to develop an

adequate record on Buckley's adjustment-of-status application even though Buckley had counsel.

The IJ asked Buckley no substantive questions during the brief hearing. Buckley's counsel focused on the age of the charges against Buckley and that none of them resulted in a conviction. If the IJ believed that other considerations about these charges were critical to her weighing the adjustment-of-status equities, it was incumbent upon her to ask Buckley about them before invoking these considerations to deny relief. After matching the IJ's basis for decision with the content of Buckley's hearing, we lack assurance that there was a fair proceeding, as is required in evaluating whether a noncitizen receives the effective assistance of counsel. See Varela-Chavarria, 86 F.4th at 452 n.6.

Despite this troubling record, the BIA denied the motion to reopen on the basis that counsel "has not identified any material issues that should have be raised or addressed on appeal." That conclusion was an abuse of discretion.

Since the initial filing misstep, Buckley's counsel has attempted to raise the deficient-record argument at every turn. In Buckley's motion to accept the late-filed brief, counsel argued that the IJ based her ruling on topics about which Buckley was "never asked." In the brief attached to that motion, counsel noted that "[IJs] have a duty to develop the record in every case . . . ." And again in the motion to reopen, counsel argued

- 16 -

that the "[IJ] failed to develop the record as required." In short, Buckley consistently attempted to raise an argument before the BIA about the IJ's failure to build an adequate record to support her basis for denying adjustment of status but was denied "a fair opportunity to have [the argument] considered[.]" Hernandez, 238 F.3d at 57. And, as we have explained, this is a substantial argument. Thus, Buckley has demonstrated that her counsel's ineffectiveness in failing to file a timely brief caused "a reasonable probability of prejudice" in the resolution of her BIA appeal. Betouche, 357 F.3d at 151 n.8.

The BIA's final ground for denying the motion to reopen was that Buckley did not submit the "brief she would have filed if these proceedings were reopened." Buckley's motion to reopen references the brief, but the brief does not appear in the administrative record filed with this Court. It appears, however, that the brief was submitted to the BIA alongside Buckley's motion for acceptance of her late-filed brief given the BIA's order that it was returning the brief. Moreover, the brief was submitted as part of the appendix in this Court without objection from the government. It thus appears that the brief containing Buckley's argument about the IJ's failure to build a record was filed with the BIA when Buckley sought late acceptance of her brief and may well have been provided when she sought to reopen her appeal. In

- 17 -

any event, the motion to reopen contained the key argument about the IJ's failure to build a record.

Therefore, while we cannot discern the exacts point(s) at which Buckley's counsel submitted the belated brief to the BIA, we do know the following: Buckley's counsel failed to file a timely brief; the BIA without explanation later refused to accept the late-filed brief; Buckley's proceeding before the IJ appears to have been unfair; Buckley's counsel has presented a substantial argument material to that unfairness; Buckley's brief containing that substantial argument was before the BIA at some point; and, without relief, Buckley will be removed from the United States based on a seemingly unfair proceeding. In these circumstances, we are unable to conclude that the BIA acted within its discretion to deny the motion to reopen.

In sum, Buckley has demonstrated that the BIA abused its discretion in denying her motion to reopen. The BIA did not explain how she failed to meet the Lozada requirements; there is a reasonable probability of prejudice based on counsel's ineffectiveness; and the BIA was on notice of Buckley's potentially meritorious argument on appeal.

**III.**

For the reasons stated, we **deny** Buckley's petition for review of her BIA appeal and **grant** Buckley's petition for review of her motion to reopen her appeal based on ineffective assistance

of counsel.   The case is **remanded** for further proceedings consistent with this opinion.

**So ordered**.